IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc.<br>11901 Cartwright Avenue<br>Grandview, MO 64030,<br><br>and<br><br>Foremost Forwarders, Inc.<br>2505 S.W. Spring Street<br>Suite 100<br>Portland, OR 97219<br><br>Plaintiffs<br><br>v.<br><br>Lurita Alexis Doan, Administrator of the<br>    General Services Administration<br>1800 F Street, NW<br>Washington, DC 20405<br><br>Defendant | Civil Action No. |

## COMPLAINT

Plaintiffs complain of defendant and for their cause of action respectively represent:

## NATURE OF THIS ACTION

1.    This is a complaint for declaratory and injunctive relief by plaintiff carriers requesting the Court to enjoin defendant from collecting thousands of dollars by offset from monies indisputedly due and paid plaintiffs for transportation

services rendered to the government at its request. These offsets are being made at the direction of the Transportation Audit Division of the General Services Administration (GSA) in violation of, and without according plaintiffs their rights to be advised in the Notice of Overcharge of the specific basis for the alleged overcharge, and without the opportunity to respond before offset, as provided for as under GSA's Transportation and Audit Regulations, 41 C.F.R. Part 102-118. The actions complained of are that GSA has violated and is continuing to violate its own regulations by offsetting monies from plaintiffs on a basis other than that stated in the Notices of Overcharge and by not according plaintiffs the right to respond to the different ground orally relied on by defendant prior to the offsets being made. As a result of GSA's actions, which are the subject of this complaint, the government has already collected by offset from plaintiffs in excess $124,200 without according plaintiffs their rights to establish that they are entitled to the monies being deducted. Further, defendant is in the process of taking away from plaintiffs as of this date an additional $1,908,917, again without stating GSA's current basis for the deduction and again without according plaintiffs the right to protest this action before the deductions are made. It alleged that unless enjoined defendant will continue to take plaintiffs' monies by offset in this manner which is in specific violation of the governing GSA regulations.

2.  GSA's actions are depriving plaintiffs of the working capital necessary for the servicing of military household goods shipments. Since the exclusive business of each plaintiff is the servicing of military household goods shipments, GSA's unlawful taking of hundreds of thousands of dollars from each plaintiff will put them out of business so that an eventual recovery of these monies, after a favorable decision, will be too little and too late. GSA's unlawful deductions have exacerbated the financial impact on plaintiffs since the monies now being deducted were not retained by plaintiffs but were paid over, without mark-up, to their port agents for the performance of the required services. These port agents are independent companies in no way affiliated by ownership or control with plaintiffs.

3.  Plaintiff seek an order of the Court declaring that the action of GSA's Audit Division offsetting monies from plaintiffs in violation of its own regulations, without according plaintiffs the opportunity the opportunity to respond, is unlawful, arbitrary and capricious and an abuse of discretion in violation of the Administration Procedure Act (APA), 5 U.S.C. §706(2) (A). We respectfully ask the Court to enjoin defendant from collecting monies by offset from plaintiffs on a basis other than alleged in the Notices of Overcharge and without according each plaintiff the right to respond and establish its entitlement to the monies being deducted until such time as defendant abides by its own regulations and sets forth in the Notice of Overcharge the basis relied on for its actions and grants each plaintiff, prior to offset,

the right to respond to and rebut the ground on which GSA's Audit Division claims that it is entitled to collection of the monies from plaintiffs. Since the deductions which have already been made violated the specific requirements of the governing GSA regulations, we respectfully ask the Court to issue an affirmative injunction directing defendant to return these monies until defendant complies with its own regulations and accords plaintiffs the elemental requirements of due process namely, appropriate notice and opportunity to be heard.

## JURISDICTION

This Court has jurisdiction of plaintiffs' claims against defendant under 28 U.S.C. §§1331, 2201 and 2202 and 5 U.S.C §701, et seq.

## PLAINTIFFS

4.   Plaintiff Cartwright International Van Lines, Inc. is a Missouri corporation with its principal place of business at 11901 Cartwright Avenue, Grandview, MO 64030,

5.   Plaintiff Foremost Forwarders, Inc. is a California corporation with its principal place at business 2505 S.W. Spring Street, Suite 100, Portland, OR 97219-3966.

## DEFENDANT

6.   Defendant Lurita Alexis Doan, is the Administrator of the General Services Administration, 1800 F Street, NW, Washington, DC 20405.

4

7. Defendant at all times relevant hereto acted through the officers, employees and agents of the General Services Administration.

## FACTS

8. Each plaintiff is a carrier which is exclusively engaged in the forwarding of military household good shipments, a substantial number of which move in Code J service between the United States and overseas points. This transportation program is administered by the Surface Deployment and Distribution Command (SDDC), an agency of the Department of the Army. Charges for these services are contained in rates filed by plaintiffs and other participants in this program with SDDC on a semi-annual basis. These rates are known as "SFRs". (single-factor rates). Additional charges (which do not apply to all shipments), and which are not included in the SFRs, are published in the government's solicitation and include the pass-through to the government of billings for port congestion/security (CON) under Item 433 of the solicitation which applies to Code J shipments and which gives rise to this complaint.

9. Code J shipments cover the movement of those items in a household shipment needed by the military member in advance of the total shipment and which are forwarded by air. In Code J, plaintiffs move the shipments to and from military aerial ports and the air transportation is furnished by the government.

10. After 9/11, military bases, including military aerial ports, increased their security which created additional expense to plaintiffs in picking up and delivering shipments from the military aerial ports in the United States resulting from relocation of the place of entry, delays in accessing the military airports, or a combination of both. This was brought to the attention of the Military Traffic and Management Command (MTMC), shortly after 9/11 in 2001 and MTMC advised carriers to bill these additional charges as a pass-through under Item 432 (for household goods) and Item 433 (for unaccompanied baggage). Plaintiffs, and other companies participating in the military Code J unaccompanied baggage program, consistently billed on Item 433 to cover the charges made by their respective airport agents for performing the required services on their behalf.

11. Although these invoices were subject to pre-payment and post-payment audits, defendant consistently paid plaintiffs' billings made pursuant to Item 433. It was not until the November of 2006, five years later, that GSA issued its first Notice of Overcharge in which it claimed that this item was not applicable to shipments moving in Code J service. SDDC, by document, dated, March 25, 2006, made clear that the item in question did apply to Code J shipments.

12. Although not stated in any Notice of Charge, at a meeting held with GSA on November 29, 2006, attended by the principal unaccompanied baggage Code J carriers, GSA stated that it had been advised by its counsel that the pass-

through of port congestion/security charges billed under Item 433 had been improperly paid and that those monies would be offset for one reason, namely that the charges being billed were required to be filed with a regulatory agency and they had not been so filed. GSA held up collection of these billings until it considered the carriers' response to this new contention. On January 2,3 2007, counsel for the Code J carriers submitted a detailed response to this contention and GSA abandoned this as a basis for their offsets.

13.    Although GSA, at a meeting held on August 2, 2007, informally advised the carriers that collection of all monies involved in the Notices of Overcharge which has been issued, and to be issued, would now be collected advancing, for the first time, that the billings should have been made under a different item known as "waiting time", GSA did not set this forth as a basis for deduction in any Notice of Overcharge, including those issued subsequent to the meeting.

14.    GSA declined the carriers' request to continue to hold up collection of these monies until an opportunity had been given to the carriers to respond to this latest "waiting time" contention, which the carriers, including plaintiffs, and the representative of the industry who worked out the billing arrangement with MTMC, believed to be completely without justification.

15. GSA is currently issuing Notices of Overcharge, again citing, despite the statement of SDDC, the agency involved, that Item 433 does not apply to Code J shipments and on this basis, has deducted, and is continuing to deduct from plaintiffs, the huge sums which give rise to the need for the injunctive relief here sought.

16. As relevant, GSA's Transportation Audit Division is the agency responsible for auditing carrier billings for transportation services provided to the government pursuant to 31 U.S.C. §3726. The procedure for conducting audits of transportation billings is set forth in GSA's Transportation Payment and Audit Regulation, 41 C.F.R. Part 102-118. As relevant, GSA's audit regulations provide that when the Audit Division determines in a post-payment audit that a carrier has allegedly been overpaid it is to issue a Notice of Overcharge stating the reason for the alleged overcharge. The regulations accord the carrier the right to submit a written request for reconsideration to demonstrate that the payment to the carrier is proper. GSA's governing regulations provide:

> "§102-118.435 **What procedures does GSA use to perform a postpayment audit?**
> When GSA performs a postpayment audit, the GSA Audit Division has the delegated authority to implement the following procedures:
> \*   \*   \*
>
> (f) Issue a Notice of Overcharge stating that a TSP owes a debt to the agency. This notice states the amount paid, the basis for the proper charge for the document reference number, and cites applicable tariff or

8

tender along with other data relied on to support the overcharge. A separate Notice of Overcharge is prepared and mailed for each bill...."

\* \* \*

"**§102-118.600 When a TSP disagrees with a Notice of Overcharge resulting from a postpayment audit, what are the appeal procedures?**
A TSP who disagrees with the Notice of Overcharge may submit a written request for reconsideration to the GSA Audit Division at...."

PRAYER FOR RELIEF

We respectfully ask this Court to enjoin defendants from continuing to deduct monies from plaintiffs pursuant to Notices of Overcharge issue and to be issued until the basis for the overcharge is stated and plaintiffs are given the opportunity to respond and further, that an affirmative injunction be issued directing repayment of all monies offset from plaintiffs' funds by GSA's action which is in direct conflict with its own regulations, deviation from which has deprived plaintiffs of its right to be heard prior to offset.

Respectfully submitted,

*[signature: Alan F. Wohlstetter]*

Alan F. Wohlstetter DC Bar No. 112797
Stanley I. Goldman DC Bar No. 109405
DENNING & WOHLSTETTER
888 Seventeenth Street, NW
Suite 700
Washington, DC 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorneys for Plaintiffs
Cartwright International Van Lines, Inc.,
Foremost Forwarders, Inc.

Dated: August 10, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Cartwright International Van Lines, Inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

Jackson County, MO

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan F. Wohlstetter, Denning & Wohlstetter
888 Seventeenth Street, NW, Suite 700
Washington, DC 20006

Case: 1:07-cv-01454
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/13/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

28 U.S.C. Section 1331, 2001, 2002 and 5 U.S.C. Section 701 et seq.

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 8/10/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

13

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.