IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cartwright International Van Lines, Inc., et al.,          )
                                                          )
                 Plaintiffs                               )
                                                          )
          v.                                              )        No. 1:07-1454 (EGS)
                                                          )
Lurita Alexis Doan, Administrator of General              )
   Services,                                              )
                                                          )
                 Defendant                                )
                                                          )

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant has moved for dismissal of this Complaint under Federal Rule of Civil Procedure 12 (b) (1) alleging that plaintiffs' claims are based on contract and seek money damages and therefore that jurisdiction lies in the United States Court of Federal Claims under the Tucker Act. For the following reasons, we disagree and maintain that this Court has jurisdiction over the Complaint.

Plaintiffs seek a preliminary and permanent injunction and a declaratory order holding that the GSA has deprived plaintiffs of their rights under the GSA Audit Regulations. It has done so by taking action clearly in conflict with its own regulations which constitutes arbitrary and capricious action prohibited by the Administrative Procedure Act (APA), 5 U.S.C. §706(2) (A).

<u>Summary of Parties' Positions</u>

(a)    <u>Plaintiffs</u>

Plaintiffs contend that by failing to observe the notice and hearing requirement of its regulations, as described in detail in plaintiffs' response to the opposition to the preliminary injunction being filed concurrently with this Opposition, GSA acted arbitrarily and capriciously in violation of the APA. Plaintiffs seek injunctive relief and a declaratory order requiring defendant to follow its own regulations; it does not place in issue the terms of a contract, <u>viz</u>. the solicitation; nor does it seek money damages for breach thereof.

(b)    <u>Defendant</u>

Defendant takes the position that the Complaint should have been brought under the Tucker Act because it presents the Court with an action based on contract although plaintiffs seek injunctive relief rather than damages. Plaintiffs, however, have not presented to this Court any action based on contract, <u>viz</u>. the solicitation. The Complaint is based solely upon defendant's failure to comply with its own regulations. It cannot be converted into a Tucker Act case so as to oust this Court of jurisdiction to determine whether or not GSA has acted in violation of its regulations and therefore arbitrarily and capriciously as prohibited by the APA.

<u>Argument</u>

Defendant contends that this Court does not have jurisdiction under the APA because the relief sought by plaintiffs is "monetary in nature, and in essence is a request for contract damages" (Brief, p. 13) and that monetary damages cannot be granted under the APA which is a limited waiver of sovereign immunity[1] which provides for relief "other than monetary damages." The decisions cited by defendant's counsel generally support the principle, with which we do not disagree, namely that this Court has no jurisdiction over claims based on contract for which money damages are sought on the basis of a breach thereof.[2] However, we maintain that the principles of the cited decisions do not preclude this Court from jurisdiction to grant plaintiffs the declaratory and injunctive relief sought which will not result in any monetary benefit to them.

Contrary to defendant's contention, the relief plaintiffs are seeking is a declaration that GSA failed to comply with its own regulations by failing to state in the Notices of Overcharge the specific basis for its action in violation of

---

[1] Defendant cites the following decisions for the principle that the government must waive its sovereign immunity to be sued. United States v. White Mountain Apache Tribe, 537, U.S. 465 (2003); United States v. Mitchell, 463 U.S. 206 (1983); Bowen v. Massachusetts, 487 U.S. 879 (1988); Public Warehousing Co. KSC v. Defense Supply Ctr. PA, 489 F.2d 30 (D.D.C. 2007). (Def. Memo, pp. 11-12). However, defendant admits that sovereign immunity is waived when an agency is found to have acted arbitrarily and capriciously (Def. Memo., p. 12) which is the case here.

[2] Spectrum Lease Corp. v. United States, 784 F.2d 891 (D.C. Cir. 1985); Deaf Smith County Grain Processors, Inc. v. Glickman 162 F.3d 1206 (D.C. Cir. 1998); Consolidated Edison v. United States, 247 F.3d 1378 (Fed. Cir. 2001). (Def. Memo, p. 12).

41 C.F.R. §102-118.435(f) and failed to accord plaintiffs the right to protest the basis relied on by GSA for the alleged overcharges as required by 41 C.F.R. §102-118.600. Plaintiffs do not allege breach of contract and do not seek money damages. The fact is that the grant of the declaratory and injunctive relief requested by plaintiffs will not result in any monetary benefit to them.

This Court's jurisdiction is supported by the decisions in Kidwell v. Secretary of the of Army, 56 F.2d 279 (D.C. Cir. 1995) and Tootel v. Secretary of the Navy, 446 F.3d 167 (D.C. Cir. 2006). In Kidwell, a service member sought review of an administrative decision of the Army Board of Correction of Military Records denying a change in his discharge status. The government contended that the District Court lacked jurisdiction because grant of the requested revised discharge status would result in a monetary benefit to plaintiff in excess of $10,000 and therefore that the Court of Federal Claims, and not the District Court, had jurisdiction of the complaint. The Court of Appeals rejected the government's contention, holding that the District Court had jurisdiction over plaintiff's claim that the Army Board's decision was arbitrary and capricious and that the correction of plaintiff's discharge status was not a claim for money damages. The Court of Appeals found that no monetary benefit would result from the Court's decision, stating:

"...any monetary benefits that may flow from Kidwell's victory would not come from the district court's exercise of jurisdiction, but from the structure of statutory and regulatory requirements governing compensation when a service member's files change..." (56 F.3d. at 285-286).

In Tootle v. Secretary of the Navy, supra the Court followed the Kidwell decision, and held that the District Court had jurisdiction, stating:

"Finally, as in Kidwell, any monetary recovery Tootle might be entitled to in the future would be entirely separate from the District Court's decision regarding whether the Government acted arbitrarily or capriciously or neglected to follow Navy regulations...". (446 F.3d at 175).

A similar holding is warranted here. Should the Court hold GSA acted arbitrarily and capriciously in violating its regulations, plaintiffs will not receive any monetary relief. Any monetary benefit to plaintiffs would flow from their successful defense to the claimed overcharges, after GSA complies with its regulations governing Notices of Overcharge. This is not an issue presented to this Court and will be presented to the Civilian Board of Contract Appeals or the United States Court of Federal Claims only if GSA rejects the carriers' protests.

The decision in Spectrum Leasing Corp. v. United States, 764 F.2d 891 (D.C. Cir. 1985), relied on by defendant (Memo p. 15), does not support a finding that this Court lacks jurisdiction. In Spectrum, plaintiff sued to recover money the government had taken as liquidated damages after the plaintiff had defaulted on a

contract. The Court properly found that the plaintiff in <u>Spectrum</u> sought relief under a contract and that therefore the District Court lacked jurisdiction.

The situation here presented materially differs from that presented in <u>Spectrum</u>. Plaintiffs here are not claiming any rights under a contract but are asserting rights under defendant's regulations and are not asking this Court to award monetary damages.

Similarly, other decisions relied on by defendant's counsel held that when plaintiff sought to enforce rights based on contract, the Court of Federal Claims was the appropriate forum.[4] We do not disagree with this proposition but the case at bar does not involve enforcement of the terms of a contract; it involves the duty of an agency to comply with its own regulations.

---

[4] <u>Consolidated Edison Co</u>. v. <u>United States</u>, 243 F.3d 1378 (Fed. Cir. 2001); <u>Wisconsin Electric Power Co</u>. v. <u>Department of Energy</u>, 211 F.3d 646 (D.C. Cir. 2000). Defendant also cites <u>Deaf Smith County Grain Processors, Inc</u>. v. <u>Glickman</u> 162 F.3d 1206 (D.C. Cir. 1998) which held that the District Court had jurisdiction over an appeal from a decision of an agency of the Department of Agriculture. (Def. Memo., p. 12).

Lastly, contrary to defendant, we maintain this Complaint is not an attempt to use APA jurisdiction to disguise a contract claim by virtue of the relief requested.[5] As the Court stated in <u>Megapulse Inc</u>. v. <u>Lewis</u>, 672 F.2d 959, 968 (D.C. Cir. 1982):

> "The classification of a particular action as one which is or is not 'at its essence' a contract action depends on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought or appropriate."

The Court in the <u>Kidwell</u> decision, applied this standard by holding that plaintiff's claim for relief from an arbitrary and capricious administrative decision was not a claim "in essence" for monetary relief based on contract. As we have shown above, the facts of the case at bar are like those in <u>Kidwell</u> since plaintiffs seek relief from arbitrary and capricious administrative action. The source of plaintiffs' rights is the GSA Audit Regulations and the relief sought is an injunction to compel GSA to comply with its regulations which is a matter within this Court's jurisdiction.

For the above reasons, plaintiffs request that defendant's Motion to Dismiss be denied.

---

[5] Defendant relies on the standard applied in <u>Kidwell</u> for this contention. (Def. Memo., p. 14). As we show above, the Court in <u>Kidwell</u> held the District Court had jurisdiction over the review of administrative action. None of the other decisions cited by defendant warrants a different holding in this case. See <u>Transohio Savings Bank</u> v. <u>Office of Thrift Supervision</u>, 967 F.2d 598 (D.C. Cir. 1992); <u>Coggeshall Development Co</u>. v. <u>Diamond</u>, 884 F.2d 1 (1st Cir. 1989); <u>Bragos Electrical Powers Corp. Inc</u>. v. <u>United States</u>, 144 F.3d 784 (5th Cir. 1998); <u>Metadure Corp</u>. v. <u>United States</u>, 490 F. Supp 1368 (S.D.N.Y. 1980).

Respectfully submitted,


/s/ Alan F. Wohlstetter
Alan F. Wohlstetter DC Bar No. 112797
Stanley I. Goldman DC Bar No. 109405
DENNING & WOHLSTETTER
888 Seventeenth Street, NW
Suite 700
Washington, DC  20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorneys for Plaintiffs
Cartwright International Van Lines, Inc.,
Foremost Forwarders, Inc.

Dated:  September 5, 2007