UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTWRIGHT INTERNATIONAL VAN LINES, INC. et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case Number: 1:07-1454 (EGS) |
| LURITA ALEXIS DOAN, Administrator of General Services Administration, | ) ) ) ) |
| Defendant. | ) ) ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant has moved that plaintiffs' claims be dismissed for lack of subject matter jurisdiction. As plaintiffs acknowledge, the Administrative Procedures Act ("APA") does not give this Court jurisdiction over claims that "in essence" seek monetary relief from the government. Smalls v. United States, 471 F.3d 186, 190 (D.C. Cir. 2006). Those claims are governed by the Tucker Act, and lie within the jurisdiction of the Court of Claims. See id. Federal district courts lack jurisdiction to hear such claims unless they seek $10,000 or less, in which case the Little Tucker Act gives the district court concurrent jurisdiction with the Court of Claims. See 28 U.S.C. § 1491, 1346(a)(2).

To determine whether a case is "in essence" one for monetary relief, courts look to the remedy sought in the complaint. See Smalls, 471 F.3d at 190. When assessing the nature of the remedy, courts must "look to the complaint's substance, not merely its form." Kidwell v. Department of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995). Otherwise a plaintiff could "circumvent the Claims Court's exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain

money from the United States." Consolidated Edison Co.of New York v. United States Dep't of Energy, 247 F.3d 1378, 1385 (Fed. Cir.), cert. denied, 534 U.S. 1054 (2001).

It is clear from the face of the complaint that the "thrust of the suit is to obtain money from the United States." Id.  Plaintiffs' assertion that they seek declaratory and injunctive relief "which will not result in any monetary benefit to them" cannot be reconciled with the plain language of their complaint.  Opp. at 3 (Dkt. Entry 10).  The complaint does not simply ask the Court to declare that GSA has violated its regulations.  Instead, plaintiffs describe it as "a complaint for declaratory and injunctive relief . . . requesting the Court to enjoin defendant from collecting thousands of dollars by offset from monies indisputedly [sic] due and paid plaintiffs for transportation services rendered to the government at its request."  Compl. ¶ 1.  Plaintiffs then "respectfully ask the Court to enjoin defendant from collecting monies by offset from plaintiffs," id. ¶ 3, and "respectfully ask the Court to issue an affirmative injunction directing defendant to return those monies until defendant complies with its own regulations...."  Id.  Plaintiffs continue this theme in the prayer for relief, "respectfully ask[ing] this Court to enjoin defendants from continuing to deduct monies from plaintiffs pursuant to Notices of overcharge.... and further, that an affirmative injunction be issued directing repayment of all monies offset from plaintiffs' funds by GSA's action..."  Id. at 9 (Prayer for Relief).  Although plaintiffs repeatedly demand an injunction barring GSA from continuing to collect offsets, and ordering GSA to refund the offsets collected to date, the prayer for relief is strikingly silent concerning the declaratory relief plaintiffs also purport to request.

Accordingly, this is a case which "in essence seeks more than $10,000 in monetary relief from the Government." Kidwell v. Department of Army, Bd. for Correction of Military Records,

56 F.3d 279, 284 (D.C. Cir. 1995).  While plaintiffs accuse GSA of violating its regulations, the remedy they seek is monetary in nature.  If granted, the injunctions would allow plaintiffs to avoid having $1,908,917.00 deducted from the payments owed to plaintiffs under several government contracts, and would require GSA to pay that $1,908,917.00 and refund over $124,200 to plaintiffs.  See Compl.¶ 1 (listing dollar amounts of offsets already deducted and future offsets). The financial implications of such relief are obvious.[1]  See id. ¶ 2 (discussing the "financial impact" of GSA's "unlawful deductions").

The clear and direct link between those monetary benefits and the requested injunctive relief make this case fundamentally different from the cases plaintiffs cite to support their assertion that this Court has jurisdiction.  The cases on which plaintiffs rely stand for the proposition that "[a] complaint is not in essence one for monetary damages if the only remedy requested is mon-monetary relief that has considerable value independent of any future potential for monetary relief."  Smalls v. United States, 471 F.3d 186, 190 (D.C. Cir. 2006) (internal quotation marks omitted); see also Tootle v. Secretary of the Navy, 446 F.3d 167, 176 (D.C. Cir. 2006) (noting that if Tootle prevailed "he undeniably will obtain a win of significant non-monetary value"); Kidwell, 56 F.3d at 284-85.  The Kidwell and Small plaintiffs sought to correct their military records, and Tootle challenged a military board's determination that he was "fit for duty" and therefore ineligible for medical retirement.  See Smalls, 471 F.3d at 190; Tootle, 446 F.3d at 29; Kidwell, 56 F.3d at 281.  In those cases, the request for monetary relief could not be found within the "four corners of the complaint."  Smalls, 471 F.3d at 190.  Any monetary

---

[1] Indeed, in their motion for a preliminary injunction, plaintiffs have claimed that the financial hardship they will suffer absent the injunction would be so great that it would drive them out of business, and constitute irreparable harm.  See Dkt. Entry 3.

recovery would be an incidental benefit resulting from future proceedings that might be held after the district court ruled, and not from the order the district court itself issued. See id.; Tootle, 446 F.3d at 175 ("any monetary recovery Tootle might be entitled to in the future would be entirely separate from the District Court's decision regarding whether the Government acted arbitrarily and capriciously").

Here, plaintiffs have asked the Court to enjoin GSA from collecting money and order GSA to pay them money. See Compl. ¶¶ 1, 3, 9. To the extent they also seek declaratory relief concerning GSA's compliance with the procedural rules governing its collection of debts for overcharges, that is "negligible in comparison with the potential monetary recovery." Smalls, 471 F.3d at 190 (quoting Tootle, 446 F.3d at 176). Accordingly, their reliance on Smalls, Tootle, and Kidwell is misplaced.

Plaintiffs' efforts to distinguish Spectrum Leasing Corporation v. United States, 764 F.2d 891, 893 (D.C. Cir. 1985), are equally unpersuasive. Spectrum Leasing Corporation filed an APA claim against the government, arguing that GSA had violated the Debt Collection Act by failing to follow the procedural rules governing the collection of debts through administrative offsets. See id. at 892. Spectrum sought an injunction compelling the government to stop withholding payments through offsets, and declaring that Spectrum was "entitled to immediate payment of all . . . payments illegally withheld by means of administrative setoff." Id. at 894. The Court concluded that this was a Tucker Act claim within the exclusive jurisdiction of the Court of Claims. See id. at 895. Plaintiffs' assertion that the offsets at issue in that case were being used to collect liquidated damages under the government contract is a distinction without a difference. See Opp. at 5-6 (Dkt. Entry 10). The D.C. Circuit did not base its analysis on the reasons the

offsets were being taken. Instead, the Court concluded that any right Spectrum had to receive payments due on the invoices against which the offsets were being applied arose from the government's contractual obligation to pay those invoices,[2] and not the Debt Collection Act, thereby placing the case within the scope of the Tucker Act. See Spectrum Leasing Corp., 764 F.2d at 894. The same is true here.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this case be DISMISSED for lack of jurisdiction.

Dated: September 17, 2007                    Respectfully submitted,

                                                    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

        /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

---

[2] In Spectrum, the contract from which the original debt arose appears to have been the same as the contract against which the offsets were applied. Here, multiple contracts and government bills of lading (GBLs) are at issue.

**Of Counsel:**

Raymond J.M. Wong
GENERAL SERVICES ADMINISTRATION,
Office of General Counsel