IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 07-1454 (EGS) |
| ) | |
| Lurita Alexis Doan, Administrator of General Services, ) | |
| ) | |
| Defendant ) | |

NOTICE OF FILING

As requested at the oral argument on the above-entitled matter, we hereby submit the claims filed on behalf of Cartwright International, Inc. and Foremost Forwarders, Inc. with the Civilian Board of Contract Appeals (CBCA). Also attached, as directed, is a copy of the brief filed with the CBCA in connection with this matter.

The Court is respectfully referred to Rule 301(a) of the CBCA Rules, quoted at page 4 of the brief, which makes clear that CBCA is a delegee or an arm of GSA and not an independent agency.

Respectfully submitted,


/s/Alan F. Wohlstetter
Alan F. Wohlstetter DC Bar No. 112797
Stanley I. Goldman DC Bar No. 109405
DENNING & WOHLSTETTER
888 Seventeenth Street, NW
Suite 700
Washington, DC  20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorneys for Plaintiffs
Cartwright International Van Lines, Inc.,
Foremost Forwarders, Inc.


Dated: November 7, 2007

LAW OFFICES

# DENNING & WOHLSTETTER

888 SEVENTEENTH STREET, N. W.

SUITE 700

WASHINGTON, DC 20006

WILLIAM I. DENNING (1883-1977)
ALAN F. WOHLSTETTER
STANLEY I. GOLDMAN

TELEPHONE: (202) 833-8884
CABLE: DENWOHL
FAX: (202) 833-8886
E-mail: awohlstetter@aol.com

September 17, 2007

Civilian Board of Contract Appeals
1800 M Street N.W.
6th Floor
Washington, D.C. 20036

Re: Claim of Cartwright International Van Lines, Inc., Docket
No._____

Cartwright International Van Lines, Inc. (claimant) submits this claim pursuant to 31 U.S.C. §3926 (i) (1) and the Board's Transportation Rate Case Rules 301, et seq. for review by the Board of the actions of the Transportation Audit Division of the General Services Administration in deducting by offset $46,696.06 (Att. 1) and in issuing Notices of Overcharges, which have not yet been deducted to date of $248,956.83 (Att. 2) for total claims of $295,652.89. GSA's Transportation Audit Division has advised that a Settlement Certificate will not be issued for any of these claims despite claimant's written request. (Att. 3). See attached Declaration of Alan F. Wohlstetter. In support of its claim, complainant states as follows:

1.      Cartwright International Van Lines, Inc., is located at 11901 Cartwright Avenue, Grandview, MO 64030, Telephone No. 1-800 821-2511, Fax No. (816) 763-7863.

2.      Claimant is a freight forwarder participating in the International Personal Property (ITGBL) procurement of the Surface Deployment and Distribution Command (SDDC) of the Department of the Army, in which it provides services in the transportation of household goods and unaccompanied baggage of military personnel. In the ITGBL procurement, SDDC issues successive solicitations semi-annually which set forth the terms of the procurement, including provisions governing rates and charges for the services provided.

3.     Claimant's claim is for recovery of amounts due claimant under Item 433a(3)(d), of successive ITGBL rate solicitations issued by SDDC, under which claimant provided services pursuant to the Government Bills of Lading (GBLs) listed on the Notices of Overcharge. Claimant's claim is timely under 31 U.S.C. §3726 (c) (2) (D) since the deductions occurred three years before the date of filing claimant's claim.

4.     As relevant, Item 433a(3)(d) (Att. 4) authorizes claimant as an ITGBL carrier to bill the government, on a pass-through basis without mark-up, for amounts billed claimant by port agents for costs incurred due to port security measures (COF) and port congestion (CON), as defined in Item 252 (Att. 5) of the solicitation as follows:

> "d. Port/Terminal Security Handling Surcharge (COF) - An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation. This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.
>
> e. Port Congestion Surcharge (CON) - An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port. This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J."

Item 433a(3)(d), authorizes ITGBL carriers to bill the government for COF and CON surcharges "when actually billed to the ITGBL Transportation Service Provider by... [a] port agent...".[1] As relevant, the surcharges claimed by the claimant were assessed by port agents serving military air terminals for unaccompanied baggage shipments moving in Code J.

5.     Attachment 6 is Notice of Overcharge DRN JP185267Y which is representative of all of the Notices of Overcharge listed on Attachments 1 and 2. GSA's statement of the basis for the overcharges is identical on each Notice of Overcharge, which basis claimant disputes in this claim. In the Notices of Overcharge GSA's Audit Division ordered the deduction for the sole reason

---

[1]    Item 433a(3)(d) states that the port agent's charges are to be "pursuant to regularly filed tariffs with the Regulatory Bodies and Commissions." This provision is inoperative and of no legal effect since there is no tariff requirement applicable to port agents of any regulatory body or commission.

that COF/CON surcharges do not apply to Code J, T, and 5 shipments. The Notice of Overcharge states:

> "This Notice of Overcharge is issued to recover charges that were erroneously billed by your company for War Risk Surcharges (WAR), Port/Terminal Security Handling Surcharges (COF), and Port Congestion Surcharges (CON), applied to codes T, 5, and J shipments.
>
> The Surface Deployment and Distribution Command (SDDC) issued a letter dated February 24, 2006, clarifying the description and application of these surcharges. The letter states in Note 1 that, 'Air fuel, bunker, War Risk, Port/Terminal Security Handling, and Port Congestion surcharges are not applicable on shipment codes of service T, 5, and J.' Further, SDDC refers to this statement as a clarification of the billing procedure, not a change. In accordance with this explanation of the appropriate billing of surcharges, the Audit Division is requesting a refund of excess charges related to the improper application of surcharges to Codes T, 5, and J shipments."

The SDDC message, dated February 24, 2006, cited by the Audit Division, was subsequently reversed by SDDC in its message, dated March 25, 2006 (Att. 7), as modified by SDDC's message, dated April 11, 2006 (Att. 8).

6.    In its message, dated April 11, 2006 (Att. 8) SDDC clarified the application of the CON and COF surcharges and redefined the definitions CON and COF to specifically include Codes J, T, and 5 as defined in Item 252 of the solicitation. (Att. 5). The message, dated April 11, 2006, states in pertinent part:

"1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed, and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations....

\*\*\*

"4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J, and 5 into billing code COF and CON.

\*\*\*

"8. CON may be billed by TSPs due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

"9. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSPs have the ability to rebill those line items. When doing so, request that TSPs add a note in CWA to explain the rebilling."[2]

7.     We maintain that the April 11, 2006 message from SDDC establishes that claimant is entitled to CON/COF surcharges for the Code J shipments involved, as authorized under Item 433a(3)(d), for amounts charged claimant by port agents which claimant billed the government on a pass-through basis without any mark-up.

For the above reasons, claimant requests the Board to reverse the decision of the Audit Division and find that the claimant is entitled to recover $46,696.06 deducted by offset, direct that claimant be paid the amount of $46,696.06 and further direct GSA to cancel the outstanding Notices of Overcharge in the aggregate amount of $248,956.83 and not deduct any additional monies for GBLs subject to those Notices of Overcharge.

---

[2] This has reference to electronic billing by PowerTrack which is now required. GSA apparently has attempted to override SDDC's direction by requiring those charges to be billed manually.

Respectfully submitted,

Alan F. Wohlstetter
Stanley I. Goldman
DENNING & WOHLSTETTER
888 Seventeenth Street, N.W.
Suite 700
Washington, DC 20006
Telephone: (202) 883-8884
Fax:  (202) 833-8886
E-mail: awohlstetter@aol.com
Attorneys for
Cartwright International Van Lines, Inc.

## DECLARATION OF ALAN F. WOHLSTETTER

1.    I am the attorney for the following carriers on whose behalf I am filing actions with the Civilian Board of Contract Appeals (CBCA) seeking to recover monies deducted from them at the direction of the Transportation Audit Division of the General Services Administration (GSA) and to have canceled Notices of Overcharge issued by GSA:

> Accelerated International Forwarders, LLC
> AFI World Forwarders, Inc.
> American Vanpac Carriers, Inc.
> Cartwright International Van Lines, Inc.
> Classic Forwarding, Inc.
> Covan International, Inc.
> Crystal Forwarding, Inc.
> Deseret Forwarding International, Inc.
> Foremost Forwarding, Inc.
> Jet Forwarding, Inc.

2.    Upon being advised that a Settlement Certificate was required in order to obtain a review of GSA's action by the CBCA, I requested each of my clients listed in paragraph 1 to seek a refund of their funds from GSA so that Settlement Certificates would issue.  Each claimant made the necessary claim for refund and those letters are attached to each carrier's filing with the Board.

3.    Before advising the claimants to request the repayment of their respective monies, I spoke with Mary Bates, the Deputy Director of GSA's Transportation Audit Division, who confirmed that a Settlement Certificate

was necessary to achieve review by this Board but promised to have them processed within a week from receipt.

4.    When my clients advised that they had not received the requested Settlement Certificates or even acknowledgement of their respective requests, which had been pending since the latter part of August, I called Ms. Bates, on September 7, 2007 who advised me that the requested Settlement Certificates would not be issued due to the pendency of the claim of American World Forwarders, CBCA 888-RATE, which I filed on August 24, 2007, and which she properly stated involved identical facts and the identical legal issue involved in the claims now being filed on behalf of the carriers listed in paragraph 1.

5.    I offered to withhold the filing of the claims for these carriers if GSA would agree in writing to be bound in its claims actions against the carriers listed in paragraph 1 by the Board's decision to be issued in American World Forwarders, CBCA 888-RATE. She declined to do so and terminated the telephone call.

6.    I respectfully submit that it is improper for GSA to attempt to deprive a carrier of its right to an impartial review of GSA's challenged action by withholding issuance of a requested Settlement Certificate and by continuing unabated to offset monies from the carrier and continuing to issue

Notices of Overcharge on the same basis thereby imposing on the carrier the predictable offsetting of additional funds.

7.     It is my intention, after receipt of GSA's answer, to file a motion to consolidate these claims with those of American World Forwarders. If these additional claims are accepted for filing by the CBCA, this procedure will achieve a more economic use of the Board's time than were these identical claims to be individually processed.

8.     For the above reasons, I request the claims of the carriers named in paragraph 1 of this declaration be accepted for filing by the CBCA because GSA, despite timely requests, has refused either to issue the requested Settlement Certificates or be bound by the decision of the Board in American World Forwarders, Inc., CBCA 888-RATE.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Alan F. Wohlstetter

Dated:  September 12, 2007

3

Attachment 1

## Cartwright International Van Lines, Inc.

Notices of Overcharges Offset

| DRN | Amount | Date of Offset |
|---|---|---|
| JQ385221X | $ 1,926.63 | 8/1/07 |
| JQ484183X | $ 1,751.94 | 8/1/07 |
| JQ494085X | $ 1,586.98 | 8/1/07 |
| JQ523724X | $ 1,995.67 | 8/1/07 |
| JQ526623X | $ 1,920.10 | 8/1/07 |
| JQ599151X | $ 2,458.22 | 8/8/07 |
| JQ599299X | $ 1,854.56 | 8/8/07 |
| JQ605186X | $ 2,414.41 | 8/8/07 |
| JQ355404Y | $ 887.82 | 8/8/07 |
| JQ176519Y | $ 3,337.93 | 8/8/07 |
| JQ269595Y | $ 1,907.81 | 8/8/07 |
| JQ403626Y | $ 1,944.84 | 8/8/07 |
| JQ273196Y | $ 2,136.75 | 8/8/07 |
| JQ722054Y | $ 1,633.13 | 8/8/07 |
| JQ968033Y | $ 2,322.55 | 8/8/07 |
| JQ003565Y | $ 1,718.50 | 8/8/07 |
| JQ008364Y | $ 2,287.80 | 8/8/07 |
| JQ009358Y | $ 2,502.13 | 8/8/07 |
| JQ009613Y | $ 1,915.63 | 8/8/07 |
| JQ010553Y | $ 864.25 | 8/8/07 |
| JQ011180Y | $ 1,559.02 | 8/8/07 |
| JQ106533Y | $ 1,948.65 | 8/8/07 |
| JQ107981Y | $ 1,707.99 | 8/8/07 |
| JQ185267Y | $ 2,106.75 | 8/8/07 |
| Total | $ 46,696.06 | |

Attachment 2

## Cartwright International Van Lines, Inc.

Notices of Overcharges – Not Offset to Date

| DRN | | Amount |
|-----|---|--------|
| CRWV001 | $ | 241,210.84 |
| JQ008449 | $ | 61.05 |
| XP037233X | $ | 1,872.31 |
| XP037207X | $ | 1,869.24 |
| WP429982X | $ | 1,866.52 |
| JQ610493X | $ | 2,076.87 |
| Total | $ | 248,956.83 |

**The Cartwright Companies**
*"A Family Tradition"*

Att. 3

Ms.Mary Bates
General Services Administration
Crystal Plaza 4, Room 300(FBAA)
2200 Crystal Drive
Arlington, Va 20406

Reference: Notice of Overcharge

Dear Ms.Bates

On August 2, 2007 we received a Notice of Overcharge covering DRN JP185267Y and other claims advising that the claim was not proper because the pass-through billed was not applicable to codes 5, T and J. In our response, dated August 8, 2007, I advised that the SDDC communication relied on was superseded by the message, dated April 11, 2006 in which SDDC made clear that the pass-through was applicable to codes 5, T, and J. It is our postion, therefore, that GSA's offset of these funds is improper and we ask that the money deducted be refunded.

Thank you,
Cartwright Intl Van Lines Inc

Connie Randol
Billing Supervisor

CC: Mr. Andy Cartwright

Sent via Fax to : 703-605-9933

ORIGINAL PAGE 4-23

INTERNATIONAL PERSONAL PROPERTY RATE SOLICITATION I-18

Item 432 [LHS]          *Application of Transportation SFR – HHG*

a. Transportation SFR INCLUDE THE FOLLOWING SERVICES:

(1) Packing, including use of packing containers and materials from origin to destination and unpacking. When Government-owned containers are utilized or when packing is not required, reductions to the SFR will be annotated on the PPGBL. Shipping containers and packing materials furnished by the Transportation Service Provider will remain the property of the Transportation Service Provider.

(2) For all shipments from Germany to CONUS, Transportation Service Providers are responsible for providing the following services:

(a) Identifying clearly all outdoor articles consecutively on the last page of the HHG descriptive inventory.

(b) Packing all outdoor articles in the same container and as close to the front door as possible.

(c) Stenciling "OHA" on the exterior of all containers which include outdoor articles.

(3) Servicing and unservicing of appliances, except third party service.

(4) All land, water and air transportation, EXCEPT:

(a) Additional land transportation charges for shipments picked up or delivered from or to SIT.

(b) Port handling and stevedoring services within the military ocean terminal or within the commercial ocean terminal, when used in lieu of the military ocean terminal, and Government-arranged ocean movement (Code 5).

(c) Terminal services within the AMC terminal and Government-arranged air movement (Code T).

(d) Bunker fuel charges (BSC), air fuel surcharges (100), port security surcharges (COF), port congestion surcharges (CON), and/or war risk surcharges (WAR), where applicable, and when actually billed to the ITGBL Transportation Service Provider by ocean freight Transportation Service Provider, air Transportation Service Provider or port agent pursuant to regularly filed tariff(s) with the Regulatory Bodies or Commissions. Such charges will be separately stated on the GBL and supported by prorated ocean, air Transportation Service Provider or port agent invoices for the actual amount. (See Item 513 for application of the Fuel Surcharge for CONUS [includ, including Alaska and Hawaii]).

(e) Over-ocean charges negotiated by SDDC Operations Center (Code 3).

(5) Customs Clearance:

(a) Transportation Service Provider will arrange all customs clearance and other related services that pertain to and influence the movement of personal property (gun control, quarantine, pest infestation, etc.) and will comply with all DOD, foreign, and domestic regulations.

(b) Export and import documentation services involving customs clearances. Movement of shipment, arriving in CONUS, in bond to the U.S. Customs House nearest the ultimate consignee. The responsible destination PPSO will be notified in advance when a shipment is to move in bond.

ORIGINAL PAGE 2-6

INTERNATIONAL PERSONAL PROPERTY RATE SOLICITATION I-18

Item 248. **Standard Point Location Code (SPLC)**: A standard point location code consisting of alphanumeric characters assigned to each rate area for the purpose of geographical accounting.

Item 249. **Storage-in-Transit (SIT)**: The term applied to the service under the PPGBL for the temporary storage, other than nontemporary storage, of a personal property shipment prior to final delivery.

Item 250. **Surface Deployment and Distribution Command (SDDC)**: The Army Component of the U.S. Transportation Command. SDDC is responsible for all the Department of Defense's surface transportation shipments as well as several core transportation processes.

Item 251. **Supporting Documentation**: Documentation requiring Transportation Service Provider certification and submission to SDDC by designated dates provided in each cycle solicitation letter.

Item 252. **Surcharge**: An extra fee, levied to a shipment, paid by the transportation service provider and sometimes reimbursed by the U.S. Government. Surcharge reimbursement is considered on a case-by-case basis with reimbursement decision resting at the sole discretion of the Surface Deployment and Distribution Command. Specific surcharge definitions are provided below:

   a. **Air Fuel Surcharge (100)** – An extra charge that is charged to the Transportation Service Provider (TSP) by the aerial TSP. This surcharge is applicable to codes of service 6 and 8.

   b. **Bunker Surcharge (BSC)** – An extra charge, also known as Bunker Adjustment Factor (BAF) or Fuel Adjustment Factor (FAF), sometimes added to ocean TSP rates. This surcharge is justified by higher fuel costs. This surcharge is applicable to codes of service a 1, 2, 3, 4, and 7.

   c. **War Risk Surcharge (WAR)** – Insurance coverage for loss of goods resulting from any act of war or as a result of the vessel "entering" the war risk area when billed by the ocean/air TSP. This charge is only applicable to areas deemed "war risk" areas, as provided for on the SDDC website, www.sddc.army.mil, Personal Property/POV, International, War Risk Areas. This surcharge is applicable to codes of service 1, 2, 3, 4, 6, 7, and 8.

   d. **Port/Terminal Security Handling Surcharge (COF)** – An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation. This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.

   e. **Port Congestion Surcharge (CON)** – An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port. This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J.

Item 253. **Transportation Control Movement Document (TCMD), DD Form 1384**: A form used to control the movement of property while in the Defense Transportation System (DTS). Similar to a bill of lading in the commercial transportation system.

Item 254. **Transportation Service Provider (TSP)**: Any party, person, agent or carrier that provides freight or passenger transportation and related services to an agency. In the case of Personal Property Qualification and Rate filing, the term TSP will apply to Motor Carrier, Freight Forwarder and Broker, as applicable.

Att. 6
p. 1 of 3

## NOTICE OF OVERCHARGE

PAGE:    1

| RUN DATE | CARRIER | | DRN |
|---|---|---|---|
| 08/02/07 | CARTWRIGHT INTL VAN LINES INC | | JP185267Y |
| SCAC | 11901 CARTWRIGHT AVE | | BATCH-ID |
| CRWV | GRANDVIEW | MO  64030-1829 | 0000000000 |

| AGENCY CODE | DATE BILL PAID | SHIPPING DATE | SHIP SPECIFIC NUMBER | CARRIER BILL NUMBER |
|---|---|---|---|---|
| 21-  - | 12/01/05 | 11/01/05 | Various | Various |

| AUDITOR NUMBER | REVIEWER NUMBER | CONTRACTOR | PLEASE FURNISH A COPY OF THIS FORM WITH ALL CORRESPONDENCE. MAKE CHECK PAYABLE TO "GENERAL SERVICES ADMINISTRATION". |
|---|---|---|---|
| | | 07MSF | |

DIRECTOR, TRANSPORTATION AUDIT DIVISION
CTL# 07MSF0016T00121D27

TELEPHONE NUMBER
(703) 605-9435

MODE  FHG   FOREIGN CURRENCY  N

MAIL TO ▶

GENERAL SERIVCES ADMINISTRATION
Transportation Audit Voluntary Program
P.O. BOX 979006
ST LOUIS, MO 63197-9006

THIS OVERCHARGE AMOUNT SHOULD BE PROMPTLY REFUNDED OR EVIDENCE FURNISHED TO SUPPORT CHARGES ORIGINALLY PAID; OTHERWISE, COLLECTION ACTION MUST BE INITIATED PURSUANT TO 31 U.S.C 3726.

| AMOUNT PAID | SHOULD BE AMOUNT | AMOUNT OF OVERCHARGE | INTEREST | TOTAL AMOUNT OF OVERCHARGE |
|---|---|---|---|---|
| 2,106.75 | .00 | 2,106.75 | .00 | 2,106.75 |

BASIS OF OVERCHARGE

Send PROTEST to:
General Services Administration
Crystal Plaza 4, Room 300(FBAA)
2200 Crystal Drive
Arlington, VA 20406

ORIGIN:        Various
DESTINATION:   Various
ROUTING:
Various

BASIS AND AUTHORITY:
This Notice of Overcharge is issued to recover charges that were
erroneously billed by your company for War Risk Surcharges (WAR),
Port/Terminal Security Handling Surcharges (COF), and Port
Congestion Surcharges (CON), applied to codes T, 5, and J
shipments.

The Surface Deployment and Distribution Command (SDDC) issued a
letter dated February 24, 2006, clarifying the description and
application of these surcharges. The letter states in Note 1
that, "Air fuel, bunker, War Risk, Port/Terminal Security
Handling, and Port Congestion surcharges are not applicable on
shipment codes of service T, 5, and J." Further, SDDC refers to
this statement as a clarification of the billing procedure, not a

AUG 0 7 2007



Att. 6
p. 2 of 3

## NOTICE OF OVERCHARGE

| RUN DATE 08/02/07 | CARRIER CARTWRIGHT INTL VAN LINES INC 11901 CARTWRIGHT AVE | | | DRN JP185267Y |
|---|---|---|---|---|
| SCAC CRWV | GRANDVIEW | | MO 64030-1829 | BATCH-ID 0000000000 |
| AGENCY CODE 21- - | DATE BILL PAID 12/01/05 | SHIPPING DATE 11/01/05 | SHIP SPECIFIC NUMBER Various | CARRIER BILL NUMBER Various |
| AUDITOR NUMBER | REVIEWER NUMBER | CONTRACTOR 07MSF | PLEASE FURNISH A COPY OF THIS FORM WITH ALL CORRESPONDENCE. MAKE CHECK PAYABLE TO "GENERAL SERVICES ADMINISTRATION". | |
| DIRECTOR, TRANSPORTATION AUDIT DIVISION CTL# 07MSF0016T00121D27 | TELEPHONE NUMBER (703) 605-9435 | | MAIL TO ▶ | GENERAL SERIVCES ADMINISTRATION Transportation Audit Voluntary Program P.O. BOX 979006 ST LOUIS, MO 63197-9006 |
| | MODE FHG | FOREIGN CURRENCY N | | |

THIS OVERCHARGE AMOUNT SHOULD BE PROMPTLY REFUNDED OR EVIDENCE FURNISHED TO SUPPORT CHARGES ORIGINALLY PAID; OTHERWISE, COLLECTION ACTION MUST BE INITIATED PURSUANT TO 31 U.S.C 3726.

| AMOUNT PAID | SHOULD BE AMOUNT | AMOUNT OF OVERCHARGE | INTEREST | TOTAL AMOUNT OF OVERCHARGE |
|---|---|---|---|---|
| 2,106.75 | .00 | 2,106.75 | .00 | 2,106.75 |

BASIS OF OVERCHARGE

change. In accordance with this explanation of the appropriate billing of surcharges, the Audit Division is requesting a refund of excess charges related to the improper application of surcharges to Codes T, 5, and J shipments.

The following DRN's are included in this overcharge:

| | | |
|---|---|---|
| JP185267 $18.20 | JP403553 $67.00 | JP403566 $54.00 |
| JP403579 $29.00 | JP403586 $60.00 | JP438487 $46.30 |
| JP438488 $20.75 | JP655703 $21.00 | JP678320 $8.00 |
| JP688661 $37.60 | JP721599 $20.00 | JP721625 $46.50 |
| JP721626 $50.00 | JP721886 $58.00 | JP721903 $5.50 |
| JP721950 $16.50 | JP722358 $22.25 | JP722358 $37.00 |
| JP722359 $4.25 | JP722408 $33.25 | JP722551 $5.50 |
| JP722552 $20.75 | JP722696 $27.75 | JP800800 $10.60 |
| JP822182 $3.50 | JP822265 $35.50 | JP822271 $7.50 |
| JP867177 $5.90 | JP867179 $14.75 | JP867190 $7.55 |
| JP867194 $27.00 | JP867195 $4.40 | JP867203 $59.50 |
| JP867205 $29.20 | JP876637 $32.25 | JP902835 $58.45 |
| JP913378 $73.95 | JP913527 $44.65 | JP928550 $66.35 |
| JP928612 $16.00 | JP952305 $41.45 | JP952346 $113.85 |
| JP952356 $35.25 | JP952359 $45.30 | JP952389 $4.95 |
| JP980657 $69.35 | JQ002855 $46.90 | JQ004843 $16.80 |
| JQ008977 $8.40 | JQ009368 $91.10 | JQ009657 $43.65 |
| JQ010035 $57.90 | JQ010090 $41.15 | JQ010270 $37.80 |
| JQ010312 $27.55 | JQ010367 $28.05 | JQ010378 $6.70 |
| JQ010381 $5.00 | JQ010382 $25.05 | JQ010407 $29.90 |
| JQ010410 $37.15 | JQ010482 $37.15 | JQ010490 $50.20 |

AUG 0 7 2007

GSA FORM 7925 (REV. 10-89)

## NOTICE OF OVERCHARGE

Att. 6
p. 3 of 3

| | | | |
|---|---|---|---|
| RUN DATE 08/02/07 | CARRIER CARTWRIGHT INTL VAN LINES INC<br>11901 CARTWRIGHT AVE | | DRN JP185267Y |
| SCAC CRWV | GRANDVIEW     MO  64030-1829 | | BATCH-ID<br>0000000000 |
| AGENCY CODE 21-  - | DATE BILL PAID 12/01/05 | SHIPPING DATE 11/01/05 | SHIP SPECIFIC NUMBER Various | CARRIER BILL NUMBER Various |
| AUDITOR NUMBER | REVIEWER NUMBER | CONTRACTOR 07MSF | PLEASE FURNISH A COPY OF THIS FORM WITH ALL CORRESPONDENCE.<br>MAKE CHECK PAYABLE TO "GENERAL SERVICES ADMINISTRATION". |

| | |
|---|---|
| DIRECTOR, TRANSPORTATION AUDIT DIVISION<br>CTL# 07MSF0016T00121D27 | TELEPHONE NUMBER<br>(703) 605-9435 |
| | MODE FHG    FOREIGN CURRENCY N |

MAIL TO ▶ GENERAL SERIVCES ADMINISTRATION
Transportation Audit Voluntary Program
P.O. BOX 979006
ST LOUIS, MO  63197-9006

THIS OVERCHARGE AMOUNT SHOULD BE PROMPTLY REFUNDED OR EVIDENCE FURNISHED TO SUPPORT CHARGES ORIGINALLY PAID;
OTHERWISE, COLLECTION ACTION MUST BE INITIATED PURSUANT TO 31 U.S.C 3726.

| AMOUNT PAID | SHOULD BE AMOUNT | AMOUNT OF OVERCHARGE | INTEREST | TOTAL AMOUNT OF OVERCHARGE |
|---|---|---|---|---|
| 2,106.75 | .00 | 2,106.75 | .00 | 2,106.75 |

BASIS OF OVERCHARGE

IN ACCORDANCE WITH THE DEBT COLLECTION ACT OF 1982 (31 U.S.C 3711
ET SEQ.), GSA HAS THE AUTHORITY TO CHARGE INTEREST COSTS AGAINST
COMMERCIAL DEBTORS.  CURRENTLY, INTEREST IS CHARGED AUTOMATICALLY
UNDER THE DEBT COLLECTION ACT FROM THE DATE OF GSA'S NOTICE OF
OVERCHARGE.  ADDITIONALLY, IF THE GBL OR THE GTR CONTAINS A CONTRACT
PROVISION RELATING TO THE ASSESMENT OF INTEREST, THEN INTEREST IS
CHARGED UNDER THE CONTRACT TERMS THEREOF, I.E., THE ORIGINAL INVOICE
PAYMENT DATE.  IF NEITHER CONTAINS SUCH A PROVISION, THEN INTEREST
IS ASSESSED UNDER THE DEBT COLLECTION ACT (31 U.S.C. 3717) AND THE
FEDERAL CLAIMS COLLECTION STANDARDS (4 CFR PARTS 101-105), AND
REGULATIONS PUBLISHED IN 41 CFR PARTS 105-55.

AUG 0 7 2007

GENERAL SERVICES ADMINISTRATION

GSA FORM 7925 (REV. 10-89)

25 March 2006

The below are clarifications regarding the recently published definitions, application, and personal property shipping office/transportation service provider (TSP) responsibilities of air fuel (IGO), bunker (BSC), war risk (WAR), port/terminal security handling (COF), and port congestion (CON) surcharges.

1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations. The March 1, 2006 effective date was applicable to date of publishing only, as SDDC has frequently been asked when a document was posted to our website.

2. Effective March 3, 2006, the war risk areas were redefined.

3. In alignment with Item 419 of the Domestic Solicitation, code 1 has been incorporated into billing codes BSC, COF, and CON.

4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J and 5 into billing code COF.

5. In accordance with Items 432 and 433 of the International Solicitation, all customs clearance processes are to be included in the single factor rate. Agricultural inspection and AMS security fees are not reimbursable.

6. BSC and FAF are one and the same – a surcharge, sometimes added to ocean TSP rates, justified by higher fuel costs. When invoicing, a TSP should be listing one line item for BSC OR FAF per shipment.

7. HQ SDDC solely authorizes alternate port usage, in the events of port congestion/ closure. Authorization is provided via a supplement to the solicitation and disseminated via the SDDC website.

8. TSP's should only be invoicing for WAR according to the "JWC HULL War, Strikes, Terrorism and Related Perils." SDDC will provide updates to this list, as they occur. Invoices submitted that fall outside of the aforementioned listing are erroneous. Repetitious erroneous billing will result in letters of warning or other action(s), as SDDC deems appropriate.

9. CON may be billed by TSP's due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

10. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSP's have the ability to rebill those line items. When doing so, request that TSP's add a note in CWA to explain the rebilling.

11. Any TSP that is found to double bill the same charge will receive a letter of warning. If the TSP is found to continue to double bill the same charge, SDDC will take action, as appropriate.

April 11, 2006

The below are clarifications regarding the recently published definitions, application, and personal property shipping office/transportation service provider (TSP) responsibilities of air fuel (100), bunker (BSC), war risk (WAR), port/terminal security handling (COF), and port congestion (CON) surcharges.

1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations. March 1, 2006 effective date was applicable to date of publishing only, as SDDC has frequently been asked when a document was posted to our website.

2. Effective March 3, 2006, the war risk areas were redefined.

3. In alignment with Item 419 of the Domestic Solicitation, code 1 has been incorporated into billing codes BSC, COF, and CON.

4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J, and S into billing code COF and CON.

5. BSC and FAF are one and the same – a surcharge, sometimes added to ocean TSP rates, justified by higher fuel costs. When it is necessary for a TSP to bill more than one BSC and/or FAF charge per shipment, the TSP must provide supporting documentation, when requested. The supporting documentation must reflect the monetary amount(s) billed.

6. HQ SDDC solely authorizes alternate port usage, in the events of port congestion/ closure. Authorization is provided via a supplement to the solicitation and disseminated via a worldwide message posted to the SDDC website.

7. TSP's should only be invoicing for WAR according to the **"JWC HULL War, Strikes, Terrorism and Related Perils."** SDDC will provide updates to this list, as they occur. Invoices submitted that fall outside of the aforementioned listing are erroneous. Repetitious erroneous billing will result in letters of warning or other action(s), as SDDC deems appropriate.

8. CON may be billed by TSP's due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

9. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSP's have the ability to rebill those line items. When doing so, request that TSP's add a note in CWA to explain the rebilling.

10. The practice of duplicate billing, whether domestic or intentional, is a direct violation of government billing policies. The PPSO is responsible for receiving and processing movement orders using the Personal Property Shipping system (CWA), and resolve any billing disputes with the TSP. If a PPSO finds that a TSP has double billed a single charge, the PPSO should place the charge in a denial status as required, and send the TSP one (1) Letter of Warning (LOW) for the first offence using procedures outlined in the DTR, Appendix O, 8.2. b. 3. If duplicate billing continues, PPSO's will take immediate suspension action against the TSP using

procedures outlined in the DTR Appendix O, 8,2, 4, c. All duplicate billing thereafter by the same TSP will be forwarded to SDDC for a formal investigation. If deemed appropriate, SDDC will convene a Carrier Review Board against the TSP to remove their company from participation in the DOD Personal Property Program in accordance with procedures outlined in SDDC Regulation 15-1 "Procedures for Disqualifying and Placing Carriers in Nonuse".

SDDC has recognized the need to provide a clearly defined description, as well as clarify the usage of the item codes Air Fuel Surcharge (100), Bunker Surcharge (BSC, FAF, BAF), War Risk (WAR), Port/Terminal Security Handling Surcharge (COF), and Port Congestion Surcharge (CON). The below definitions and application become effective March 1, 2006 and will be incorporated into the next Personal Property International (I-17) and Domestic (D-11) Rate Solicitations.

## DEFINITIONS:

**Air Fuel Surcharge (100)** – An extra charge that is charged to the Transportation Service Provider (TSP) by the aerial TSP. This surcharge is applicable to codes of service 6 and 8.

**Bunker Surcharge (BSC)** – An extra charge, also known as Bunker Adjustment Factor (BAF) or Fuel Adjustment Factor (FAF), sometimes added to ocean TSP rates. This surcharge is justified by higher fuel costs. This surcharge is applicable to codes of service a 1, 2, 3, 4, and 7.

**War Risk Surcharge (WAR)** – Insurance coverage for loss of goods resulting from any act of war or as a result of the vessel "entering" the war risk area when billed by the ocean/air TSP. This charge is only applicable to areas deemed "war risk" areas, as provided for on the SDDC website, www.sddc.army.mil, Personal Property/POV, International, War Risk Areas. This surcharge is applicable to codes of service 1, 2, 3, 4, 6, 7, and 8.

**Port/Terminal Security Handling Surcharge (COF)** – An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation. This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.

**Port Congestion Surcharge (CON)** – An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port. This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J.

## APPLICATION:

**Note 1:** Air fuel, bunker, and War Risk surcharges are not applicable on shipment codes of service T, 5, and J. These charges are all billed by the ocean/air TSP and this service is performed by the U.S. Government. In codes of service T, 5, and J.

**Note 2:** Surcharges, other than those identified above, will be considered on a case-by-case basis with reimbursement decision resting at the sole discretion of the Surface Deployment and Distribution Command. With the exception of fuel related surcharges and unless otherwise stated, all surcharges are meant to be temporary in nature in and until the TSP has been provided official notification to incorporate such additional fees into their single factor rate.

CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of September 2007 served copies of the foregoing document by first class mail, postage prepaid, as follows:

Mr. James F. Fitzgerald
Director
Audit Division (FBA)
Office of Transportation and Property
    Management
General Services Administration
Crystal Plaza 4
2220 Crystal Drive
Arlington, VA 20406-0003

Mr. Jim Johnson
Deputy to the Deputy
Chief of Staff for Passenger
& Personal Property
Surface Deployment and Distribution Command
SDDC-PPP-P
200 Stovall Street
Alexandria, VA 22332

_____
Stanley I. Goldman

LAW OFFICES
DENNING & WOHLSTETTER
888 SEVENTEENTH STREET, N.W.
SUITE 700
WASHINGTON, DC 20006

WILLIAM I. DENNING (1883-1977)
ALAN F. WOHLSTETTER
STANLEY I. GOLDMAN

TELEPHONE: (202) 833-8884
CABLE: DENWOHL
FAX: (202) 833-8886
E-mail: awohlstetter@aol.com

September 14, 2007

Civilian Board of Contract Appeals
1800 M Street N.W.
6ᵗʰ Floor
Washington, D.C. 20036

   Re: Claim of Foremost Forwarders, Inc., Docket
     No._____

   Foremost Forwarders, Inc. (claimant) submits this claim pursuant to 31 U.S.C. §3926 (i) (1) and the Board's Transportation Rate Case Rules 301, et seq. for review by the Board of the actions of the Transportation Audit Division of the General Services Administration in deducting by offset $454,674.48, and in issuing Notices of Overcharges, which have not yet been deducted to date in the amount of $1,364.545.91 for total claims of $1,819,220.39.  The deductions occurred between August 1 and August 13, 2007.  (Att. 1).  GSA has issued 413 Notices of Overcharges against claimant, but has not issued any Settlement Certificates.  GSA's Transportation Audit Division has advised that a Settlement Certificate will not be issued for any of these claimed overcharges despite claimant's written request.  (Att. 2). See attached Declaration of Alan F. Wohlstetter.  In support of its claim, claimant states as follows:

   1. Foremost Forwarders, Inc., is located at 2505 S.W. Spring Street, Suite 100, Portland, OR  97219, Telephone No. (503) 245-1090, Fax No. (503) 245-1395.

   2. Claimant is a freight forwarder participating in the International Personal Property (ITGBL) procurement of the Surface Deployment and Distribution Command (SDDC) of the Department of the Army, in which it provides services in the transportation of household goods and unaccompanied baggage of military personnel.  In the ITGBL procurement, SDDC issues successive solicitations semi-annually which set forth the terms of the procurement, including provisions governing rates and charges for the services provided.

3.    Claimant' claim is for recovery of amounts due claimant under Item 433a(3)(d), of successive ITGBL rate solicitations issued by SDDC, under which claimant provided services pursuant to the Government Bills of Lading (GBLs) listed on the Notices of Overcharge.  Claimant's claim is timely under 31 U.S.C. §3726 (c) (2) (D) since the deductions occurred within three years before the date of filing claimant's claim.

4.    As relevant, Item 433a(3)(d) (Att. 3) authorizes claimant as an ITGBL carrier to bill the government, on a pass-through basis without mark-up, for amounts billed claimant by port agents for costs incurred due to port security measures (COF) and port congestion (CON), as defined in Item 252 (Att. 4) of the solicitation as follows:

> "d. Port/Terminal Security Handling Surcharge (COF) - An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation.  This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.

> e. Port Congestion Surcharge (CON) - An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port.  This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J."

Item 433a(3)(d), authorizes ITGBL carriers to bill the government for COF and CON surcharges "when actually billed to the ITGBL Transportation Service Provider by... [a] port agent...".[1]  As relevant, the surcharges claimed by the claimant were assessed by port agents serving military air terminals for unaccompanied baggage shipments moving in Code J.

---

[1]  Item 433a(3)(d)states that the port agent's charges are to be "pursuant to regularly filed tariffs with the Regulatory Bodies and Commissions."  This provision is inoperative and of no legal effect since there is no tariff requirement applicable to port agents of any regulatory body or commission.

5.    Attachment 5 is Notice of Overcharge DRN FOFD0001[2] which is representative of all of the Notices of Overcharge listed on Attachment 1. GSA's statement of the basis for the overcharges which complainant disputes in this claim.  In the Notices of Overcharge, GSA's Audit Division ordered the deduction for the sole reason that COF/CON surcharges do not apply to Code J, T, and 5 shipments.  The Notice of Overcharge states:

> "This Notice of Overcharge is issued to recover charges that were erroneously billed by your company for War Risk Surcharges (WAR), Port/Terminal Security Handling Surcharges (COF), and Port Congestion Surcharges (CON), applied to codes T, 5, and J shipments.
>
> The Surface Deployment and Distribution Command (SDDC) issued a letter dated February 24, 2006, clarifying the description and application of these surcharges.  The letter states in Note 1 that, 'Air fuel, bunker, War Risk, Port/Terminal Security Handling, and Port Congestion surcharges are not applicable on shipment codes of service T, 5, and J.'  Further, SDDC refers to this statement as a clarification of the billing procedure, not a change. In accordance with this explanation of the appropriate billing of surcharges, the Audit Division is requesting a refund of excess charges related to the improper application of surcharges to Codes T, 5, and J shipments."

The SDDC message, dated February 24, 2006, cited by the Audit Division, was subsequently reversed by SDDC in its message dated March 25, 2006 (Att. 6), as modified by SDDC's message, dated April 11, 2006 (Att. 7).

6.    In its message, dated April 11, 2006 (Att. 7) SDDC clarified the application of the CON and COF surcharges and redefined the definitions CON and COF to specifically include Codes J, T, and 5 as defined in item 252 of the solicitation.  (Att. 4).  The message, dated April 11, 2006 states in pertinent part:

---

[2]  Attachment 5 consists of the first two pages of Notice of Overcharge FOFD0001 which consists of 473 pages listing GBL Nos. and the amount of overcharge claimed per listed GBL.  We will furnish the complete DRN FOFD0001 should the Board require it for decision.

"1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed, and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations....

*** 

"4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J, and 5 into billing code COF and CON.

***

"8. CON may be billed by TSPs due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

"9. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSPs have the ability to rebill those line items. When doing so, request that TSPs add a note in CWA to explain the rebilling."[3]

7.    We maintain that the April 11, 2006 message from SDDC establishes that claimant is entitled to CON/COF surcharges for the Code J shipments involved, as authorized under Item 433a(3)(d), for amounts charged claimant by port agents which claimant billed the government on a pass-through basis without any mark-up.

For the above reasons, claimant requests the Board to reverse the decision of the Audit Division and find that the claimant is entitled to recover $454,674.48 deducted by offset, direct that claimant be paid the amount of $454,674.48 and further direct GSA to cancel the outstanding Notices of Overcharge in the aggregate amount of $1,364,545.91 and not deduct any monies for GBLs subject to those Notices of Overcharge.

---

[3] This has reference to electronic billing by PowerTrack which is now required. GSA apparently has attempted to override SDDC's direction by requiring those charges to be billed manually.

Respectfully submitted,

Alan F. Wohlstetter
Stanley I. Goldman
DENNING & WOHLSTETTER
888 Seventeenth Street, N.W.
Suite 700
Washington, DC 20006
Telephone: (202) 883-8884
Fax:  (202) 833-8886
E-mail: awohlstetter@aol.com
Attorneys for
Foremost Forwarders, Inc.

## DECLARATION OF ALAN F. WOHLSTETTER

1.    I am the attorney for the following carriers on whose behalf I
am filing actions with the Civilian Board of Contract Appeals (CBCA)
seeking to recover monies deducted from them at the direction of the
Transportation Audit Division of the General Services Administration
(GSA) and to have canceled Notices of Overcharge issued by GSA:

> Accelerated International Forwarders, LLC
> AFI World Forwarders, Inc.
> American Vanpac Carriers, Inc.
> Cartwright International Van Lines, Inc.
> Classic Forwarding, Inc.
> Covan International, Inc.
> Crystal Forwarding, Inc.
> Deseret Forwarding International, Inc.
> Foremost Forwarding, Inc.
> Jet Forwarding, Inc.

2.    Upon being advised that a Settlement Certificate was required
in order to obtain a review of GSA's action by the CBCA, I requested each
of my clients listed in paragraph 1 to seek a refund of their funds from GSA
so that Settlement Certificates would issue.  Each claimant made the
necessary claim for refund and those letters are attached to each carrier's
filing with the Board.

3.    Before advising the claimants to request the repayment of their
respective monies, I spoke with Mary Bates, the Deputy Director of GSA's
Transportation Audit Division, who confirmed that a Settlement Certificate

was necessary to achieve review by this Board but promised to have them processed within a week from receipt.

4.      When my clients advised that they had not received the requested Settlement Certificates or even acknowledgement of their respective requests, which had been pending since the latter part of August, I called Ms. Bates, on September 7, 2007 who advised me that the requested Settlement Certificates would not be issued due to the pendency of the claim of American World Forwarders, CBCA 888-RATE, which I filed on August 24, 2007, and which she properly stated involved identical facts and the identical legal issue involved in the claims now being filed on behalf of the carriers listed in paragraph 1.

5.      I offered to withhold the filing of the claims for these carriers if GSA would agree in writing to be bound in its claims actions against the carriers listed in paragraph 1 by the Board's decision to be issued in American World Forwarders, CBCA 888-RATE.  She declined to do so and terminated the telephone call.

6.      I respectfully submit that it is improper for GSA to attempt to deprive a carrier of its right to an impartial review of GSA's challenged action by withholding issuance of a requested Settlement Certificate and by continuing unabated to offset monies from the carrier and continuing to issue

Notices of Overcharge on the same basis thereby imposing on the carrier the predictable offsetting of additional funds.

7.    It is my intention, after receipt of GSA's answer, to file a motion to consolidate these claims with those of American World Forwarders. If these additional claims are accepted for filing by the CBCA, this procedure will achieve a more economic use of the Board's time than were these identical claims to be individually processed.

8.    For the above reasons, I request the claims of the carriers named in paragraph 1 of this declaration be accepted for filing by the CBCA because GSA, despite timely requests, has refused either to issue the requested Settlement Certificates or be bound by the decision of the Board in American World Forwarders, Inc., CBCA 888-RATE.

I declare under penalty of perjury that the foregoing is true and correct.

Alan F. Wohlstetter

Dated: September 12, 2007

3

Att. 1

# FOREMOST FORWARDERS, INC.

8/28/2007

| NOTICE OF OVERCHARGE | | | PAYMENTS | | | |
| DATE REC'D | # REC'D | TOTAL | PMT DATE | TOTAL AOP | TOTAL DED | TOTAL |
|---|---|---|---|---|---|---|
| 4/3/2006 | 1 | $1,202,698.45 | 8/1/2007 | $114,281.94 | $36,757.88 | $77,524.06 |
| 7/27/2007 | 17 | $632.30 | 8/2/2007 | $104,187.61 | $104,187.61 | $0.00 |
| 7/30/2007 | 2 | $86.40 | 8/3/2007 | $24,792.93 | $24,792.93 | $0.00 |
| 8/3/2007 | 142 | $223,700.90 | 8/6/2007 | $86,614.36 | $86,614.36 | $0.00 |
| 8/6/2007 | 111 | $196,517.05 | 8/7/2007 | $32,726.80 | $32,726.80 | $0.00 |
| 8/7/2007 | 20 | $21,142.43 | 8/8/2007 | $62,617.86 | $62,617.86 | $0.00 |
| 8/9/2007 | 63 | $100,189.55 | 8/9/2007 | $83,509.88 | $83,509.88 | $0.00 |
| 8/10/2007 | 43 | $73,817.16 | 8/10/2007 | $10,043.22 | $10,043.22 | $0.00 |
| 8/13/2007 | 4 | $92.05 | 8/13/2007 | $34,787.42 | $31,423.94 | $3,363.48 |
| 8/14/2007 | 0 | $0.00 | 8/14/2007 | $35,179.49 | $0.00 | $35,179.49 |
| 8/15/2007 | 0 | $17.75 | 8/15/2007 | $84,802.05 | $0.00 | $84,802.05 |
| 8/16/2007 | 2 | $0.00 | 8/16/2007 | $106,270.64 | $0.00 | $106,270.64 |
| 8/17/2007 | 0 | $344.35 | 8/17/2007 | $22,574.20 | $0.00 | $22,574.20 |
| 8/28/2007 | 9 | | 8/20/2007 | $47,750.68 | $0.00 | $47,750.68 |
| | | | 8/21/2007 | $39,152.12 | $0.00 | $39,152.12 |
| | | | | | NO MORE TO DATE | |
| **TOTALS:** 413 | | $1,819,220.39 | **TOTALS:** | $871,291.20 | $454,674.48 | $416,616.72 |

| *The date we received the notices in our office | *The number of notices received | *Total dollar amount of notices received by Foremost | *Date payment was received by Foremost | *Total dollar amount that should have been received by Foremost | *Total dollar amount that was deducted by GSA | *Total dollar amount received by Foremost |

Att. 2

**Foremost Forwarders, Inc.**
P.O Box 23758
Tigard, Or  97281-3758
☎ 503-245-1090
📠 503-245-1395
📧 foremostinc@fofdforemost.com

Ms. Mary Bates
General Services Administration
Crystal Plaza 4, Room 300 (FBAA)
2200 Crystal Drive
Arlington, VA  20406

"On April 3, 2006 we received a Notice of Overcharge covering DRN
FOFD0001 and other claims advising that the claim was not proper because
the pass-through billed was not applicable to codes 5, T and J.  In our
response, dated April 25, 2006, I advised that the SDDC communication
relied on was superseded by the message, dated April 11, 2006 in which
SDDC made clear that the pass-through was applicable to codes 5, T and J.
It is our position, therefore, that GSA's offset of these funds is improper
and we ask that the money deducted be refunded."

Thank you
Foremost Forwarders, Inc

Diane Kruse
CFO

ORIGINAL PAGE 4-23

INTERNATIONAL PERSONAL PROPERTY RATE SOLICITATION I-18

Item 432 [LHS]                     *Application of Transportation SFR – HHG*

a.    Transportation SFR INCLUDE THE FOLLOWING SERVICES:

(1) Packing, including use of packing containers and materials from origin to destination and unpacking. When Government-owned containers are utilized or when packing is not required, reductions to the SFR will be annotated on the PPGBL. Shipping containers and packing materials furnished by the Transportation Service Provider will remain the property of the Transportation Service Provider.

(2) For all shipments from Germany to CONUS, Transportation Service Providers are responsible for providing the following services:

(a)  Identifying clearly all outdoor articles consecutively on the last page of the HHG descriptive inventory.

(b)  Packing all outdoor articles in the same container and as close to the front door as possible.

(c)  Stenciling "OHA" on the exterior of all containers which include outdoor articles.

(3) Servicing and unservicing of appliances, except third party service.

(4) All land, water and air transportation, EXCEPT:

(a)  Additional land transportation charges for shipments picked up or delivered from or to SIT.

(b)  Port handling and stevedoring services within the military ocean terminal or within the commercial ocean terminal, when used in lieu of the military ocean terminal, and Government-arranged ocean movement (Code 5).

(c)  Terminal services within the AMC terminal and Government-arranged air movement (Code T).

(d)  Bunker fuel charges (BSC), air fuel surcharges (100), port security surcharges (COF), port congestion surcharges (CON), and/or war risk surcharges (WAR), where applicable, and when actually billed to the ITGBL Transportation Service Provider by ocean freight Transportation Service Provider, air Transportation Service Provider or port agent pursuant to regularly filed tariff(s) with the Regulatory Bodies or Commissions. Such charges will be separately stated on the GBL and supported by prorated ocean, air Transportation Service Provider or port agent invoices for the actual amount. (See Item 513 for application of the Fuel Surcharge for CONUS linehaul, including Alaska and Hawaii).

(e)  Over-ocean charges negotiated by SDDC Operations Center (Code 3).

(5) Customs Clearance:

(a)  Transportation Service Provider will arrange all customs clearance and other related services that pertain to and influence the movement of personal property (gun control, quarantine, pest infestation, etc.) and will comply with all DOD, foreign, and domestic regulations.

(b)  Export and import documentation services involving customs clearances. Movement of shipment, arriving in CONUS, in bond to the U.S. Customs House nearest the ultimate consignee. The responsible destination PPSO will be notified in advance when a shipment is to move in bond.

ORIGINAL PAGE 2-6

INTERNATIONAL PERSONAL PROPERTY RATE SOLICITATION I-18

Item 248. **Standard Point Location Code (SPLC):** A standard point location code consisting of alphanumeric characters assigned to each rate area for the purpose of geographical accounting.

Item 249. **Storage-in-Transit (SIT):** The term applied to the service under the PPGBL for the temporary storage, other than nontemporary storage, of a personal property shipment prior to final delivery.

Item 250. **Surface Deployment and Distribution Command (SDDC):** The Army Component of the U.S. Transportation Command. SDDC is responsible for all the Department of Defense's surface transportation shipments as well as several core transportation processes.

Item 251. **Supporting Documentation:** Documentation requiring Transportation Service Provider certification and submission to SDDC by designated dates provided in each cycle solicitation letter.

Item 252. **Surcharge:** An extra fee, levied to a shipment, paid by the transportation service provider and sometimes reimbursed by the U.S. Government. Surcharge reimbursement is considered on a case-by-case basis with reimbursement decision resting at the sole discretion of the Surface Deployment and Distribution Command. Specific surcharge definitions are provided below:

  a. **Air Fuel Surcharge (100)** – An extra charge that is charged to the Transportation Service Provider (TSP) by the aerial TSP. This surcharge is applicable to codes of service 6 and 8.

  b. **Bunker Surcharge (BSC)** – An extra charge, also known as Bunker Adjustment Factor (BAF) or Fuel Adjustment Factor (FAF), sometimes added to ocean TSP rates. This surcharge is justified by higher fuel costs. This surcharge is applicable to codes of service a 1, 2, 3, 4, and 7.

  c. **War Risk Surcharge (WAR)** – Insurance coverage for loss of goods resulting from any act of war or as a result of the vessel "entering" the war risk area when billed by the ocean/air TSP. This charge is only applicable to areas deemed "war risk" areas, as provided for on the SDDC website, www.sddc.army.mil, Personal Property/POV, International, War Risk Areas. This surcharge is applicable to codes of service 1, 2, 3, 4, 6, 7, and 8.

  d. **Port/Terminal Security Handling Surcharge (COF)** – An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation. This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.

  e. **Port Congestion Surcharge (CON)** – An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port. This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J.

Item 253. **Transportation Control Movement Document (TCMD), DD Form 1384:** A form used to control the movement of property while in the Defense Transportation System (DTS). Similar to a bill of lading in the commercial transportation system.

Item 254. **Transportation Service Provider (TSP):** Any party, person, agent or carrier that provides freight or passenger transportation and related services to an agency. **In the case of Personal Property Qualification and Rate filing, the term TSP will apply to Motor Carrier, Freight Forwarder and Broker, as applicable.**

# NOTICE OF OVERCHARGE

| RUN DATE 04/03/06 | CARRIER FOREMOST FORWARDERS INC P O BOX 23758 | | DRN FOFD0001 |
|---|---|---|---|
| SCAC FOFD | TIGARD | OR 97281-3758 | BATCH~ID 0000000000 |

| AGENCY CODE 21- - | DATE BILL PAID 01/01/04 | SHIPPING DATE 12/31/03 | SHIP SPECIFIC NUMBER Various | CARRIER BILL NUMBER Various |
|---|---|---|---|---|

| AUDITOR NUMBER | REVIEWER NUMBER | CONTRACTOR 06MSF | PLEASE FURNISH A COPY OF THIS FORM WITH ALL CORRESPONDENCE. MAKE CHECK PAYABLE TO "GENERAL SERVICES ADMINISTRATION". |
|---|---|---|---|

DIRECTOR, TRANSPORTATION AUDIT DIVISION
CTL# 06MSF0018T00120D02

TELEPHONE NUMBER (202) 501-3334

MODE FHG    FOREIGN CURRENCY N

MAIL TO ▶ GENERAL SERIVCES ADMINISTRATION
Transportation Audit Voluntary Program
P.O. BOX 979006
ST LOUIS, MO  63197-9006

THIS OVERCHARGE AMOUNT SHOULD BE PROMPTLY REFUNDED OR EVIDENCE FURNISHED TO SUPPORT CHARGES ORIGINALLY PAID; OTHERWISE, COLLECTION ACTION MUST BE INITIATED PURSUANT TO 31 U.S.C 3726.

| AMOUNT PAID | SHOULD BE AMOUNT | AMOUNT OF OVERCHARGE | INTEREST | TOTAL AMOUNT OF OVERCHARGE |
|---|---|---|---|---|
| 4,752,569.92 | 3,549,871.47 | 1,202,698.45 | .00 | 1,202,698.45 |

BASIS OF OVERCHARGE

Send PROTEST to:
General Services Administration
Crystal Plaza 4, Room 300(FBAA)
2200 Crystal Drive
Arlington, VA 20406

ORIGIN:          Various
DESTINATION:     Various
ROUTING:
Various

BASIS AND AUTHORITY:
This Notice of Overcharge is issued to recover charges that were erroneously billed by your company for War Risk Surcharges (WAR), Port/Terminal Security Handling Surcharges (COF), and Port Congestion Surcharges (CON), applied to codes T, 5, and J shipments.

The Surface Deployment and Distribution Command (SDDC) issued a letter dated February 24, 2006, clarifying the description and application of these surcharges. The letter states in Note 1 that, "Air fuel, bunker, War Risk, Port/Terminal Security Handling, and Port Congestion surcharges are not applicable on shipment codes of service T, 5, and J." Further, SDDC refers to this statement as a clarification of the billing procedure, not a



Att. 5
p. 2 of 2

## NOTICE OF OVERCHARGE

| RUN DATE | CARRIER | | DRN |
|---|---|---|---|
| 04/03/06 | FOREMOST FORWARDERS INC<br>P O BOX 23758 | | FOFD0001 |

| SCAC | | | BATCH-ID |
|---|---|---|---|
| FOFD | TIGARD | OR  97281-3758 | 0000000000 |

| AGENCY CODE | DATE BILL PAID | SHIPPING DATE | SHIP SPECIFIC NUMBER | CARRIER BILL NUMBER |
|---|---|---|---|---|
| 21-  - | 01/01/04 | 12/31/03 | Various | Various |

| AUDITOR NUMBER | REVIEWER NUMBER | CONTRACTOR | PLEASE FURNISH A COPY OF THIS FORM WITH ALL CORRESPONDENCE. |
|---|---|---|---|
| | | 06MSF | MAKE CHECK PAYABLE TO "GENERAL SERVICES ADMINISTRATION". |

| | TELEPHONE NUMBER<br>(202) 501-3334 | MAIL<br>TO | ► | GENERAL SERIVCES ADMINISTRATION<br>Transportation Audit Voluntary Program<br>P.O. BOX 979006<br>ST LOUIS, MO 63197-9006 |
|---|---|---|---|---|
| DIRECTOR, TRANSPORTATION AUDIT DIVISION<br>CTL# 06MSF0018T00120D02 | MODE<br>FHG | FOREIGN CURRENCY<br>N | | |

THIS OVERCHARGE AMOUNT SHOULD BE PROMPTLY REFUNDED OR EVIDENCE FURNISHED TO SUPPORT CHARGES ORIGINALLY PAID; OTHERWISE, COLLECTION ACTION MUST BE INITIATED PURSUANT TO 31 U.S.C 3726.

| AMOUNT PAID | SHOULD BE AMOUNT | AMOUNT OF OVERCHARGE | INTEREST | TOTAL AMOUNT OF OVERCHARGE |
|---|---|---|---|---|
| 4,752,569.92 | 3,549,871.47 | 1,202,698.45 | .00 | 1,202,698.45 |

BASIS OF OVERCHARGE

change. In accordance with this explanation of the appropriate billing of surcharges, the Audit Division is requesting a refund of excess charges related to the improper application of surcharges to Codes T, 5, and J shipments.

The following DRN's are included in this overcharge:

| | | | | | |
|---|---|---|---|---|---|
| AP221111 | $28.00 | AP221121 | $20.50 | AP221133 | $12.00 |
| AP221136 | $17.50 | AP221186 | $8.63 | AP221188 | $29.00 |
| AP221192 | $12.88 | AP221194 | $24.25 | AP221200 | $7.50 |
| AP221204 | $15.63 | AP221221 | $5.13 | AP241092 | $13.60 |
| AP241141 | $15.00 | AP241151 | $27.00 | AP241152 | $20.00 |
| AP241156 | $21.00 | AP241166 | $38.00 | AP241167 | $20.00 |
| AP241173 | $11.75 | AP241176 | $9.70 | AP241177 | $7.25 |
| AP241185 | $23.00 | AP241201 | $20.00 | AP241202 | $57.00 |
| AP241203 | $29.00 | AP241206 | $52.00 | AP241223 | $44.20 |
| AP241228 | $78.00 | AP241229 | $26.60 | AP241241 | $31.00 |
| AP241245 | $24.60 | AP241246 | $18.65 | AP241248 | $25.00 |
| AP241251 | $12.00 | AP241265 | $5.05 | AP241265 | $74.00 |
| AP241268 | $6.95 | AP241273 | $31.00 | AP241278 | $26.00 |
| AP241280 | $15.75 | AP241289 | $12.75 | AP241290 | $37.00 |
| AP241291 | $46.00 | AP241297 | $30.10 | AP241300 | $62.00 |
| AP241315 | $19.80 | AP241316 | $80.00 | AP241318 | $32.00 |
| AP241320 | $47.00 | AP241323 | $62.00 | AP241328 | $10.50 |
| AP241334 | $11.60 | AP241337 | $7.65 | AP356399 | $73.65 |
| AP356680 | $35.05 | AP356774 | $29.75 | AP356794 | $96.25 |
| AP356821 | $38.25 | AP356822 | $30.10 | AP356824 | $25.25 |
| AP356826 | $52.05 | AP356829 | $143.75 | AP356830 | $101.55 |
| AP356832 | $81.90 | AP356839 | $102.30 | AP356840 | $39.15 |
| AP356841 | $41.85 | AP356843 | $35.15 | AP356858 | $41.10 |
| AP356061 | $25.55 | AP356864 | $42.10 | AP356875 | $94.90 |
| AP356877 | $27.20 | AP356880 | $52.90 | AP356883 | $32.20 |
| AP356889 | $14.35 | AP356904 | $35.30 | AP356906 | $24.65 |

GENERAL SERVICES ADMINISTRATION

GSA FORM 7925 (REV. 10-89)

25 March 2006

The below are clarifications regarding the recently published definitions, application, and personal property shipping office/transportation service provider (TSP) responsibilities of air fuel (IGO), bunker (BSC), war risk (WAR), port/terminal security handling (COF), and port congestion (CON) surcharges.

1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations. The March 1, 2006 effective date was applicable to date of publishing only, as SDDC has frequently been asked when a document was posted to our website.

2. Effective March 3, 2006, the war risk areas were redefined.

3. In alignment with Item 419 of the Domestic Solicitation, code 1 has been incorporated into billing codes BSC, COF, and CON.

4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, L and 5 into billing code COF.

5. In accordance with Items 432 and 433 of the International Solicitation, all customs clearance processes are to be included in the single factor rate. Agricultural inspection and AMS security fees are not reimbursable.

6. BSC and FAF are one and the same – a surcharge, sometimes added to ocean TSP rates, justified by higher fuel costs. When invoicing, a TSP should be listing one line item for BSC OR FAF per shipment.

7. HQ SDDC solely authorizes alternate port usage, in the events of port congestion/ closure. Authorization is provided via a supplement to the solicitation and disseminated via the SDDC website.

8. TSP's should only be invoicing for WAR according to the "JWC HULL War, Strikes, Terrorism and Related Perils." SDDC will provide updates to this list, as they occur. Invoices submitted that fall outside of the aforementioned listing are erroneous. Repetitious erroneous billing will result in letters of warning or other action(s), as SDDC deems appropriate.

9. CON may be billed by TSP's due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

10. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSP's have the ability to rebill those line items. When doing so, request that TSP's add a note in CWA to explain the rebilling.

11. Any TSP that is found to double bill the same charge will receive a letter of warning. If the TSP is found to continue to double bill the same charge, SDDC will take action, as appropriate.

April 11, 2006

The below are clarifications regarding the recently published definitions, application, and personal property shipping office/transportation service provider (TSP) responsibilities of air fuel (100), bunker (BSC), war risk (WAR), port/terminal security handling (COF), and port congestion (CON) surcharges.

1. The definitions and applications were clarifications to the current International Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges. These clarifications will be incorporated into the next released rate solicitations. The March 1, 2006 effective date was applicable to date of publishing only, as SDDC has frequently been asked when a document was posted to our website.

2. Effective March 3, 2006, the war risk areas were redefined.

3. In alignment with Item 419 of the Domestic Solicitation, code 1 has been incorporated into billing codes BSC, COF, and CON.

4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated codes T, J, and S into billing code COF and CON.

5. BSC and FAF are one and the same – a surcharge, sometimes added to ocean TSP rates, justified by higher fuel costs. When it is necessary for a TSP to bill more than one BSC and/or FAF charge per shipment, the TSP must provide supporting documentation, when requested. The supporting documentation must reflect the monetary amount(s) billed.

6. HQ SDDC solely authorizes alternate port usage, in the events of port congestion/closure. Authorization is provided via a supplement to the solicitation and disseminated via a worldwide message posted to the SDDC website.

7. TSP's should only be invoicing for WAR according to the "JWC HULL War, Strikes, Terrorism and Related Perils." SDDC will provide updates to this list, as they occur. Invoices submitted that fall outside of the aforementioned listing are erroneous. Repetitious erroneous billing will result in letters of warning or other action(s) as SDDC deems appropriate.

8. CON may be billed by TSP's due to delays entering the port, in addition to extra charges billed to control the congestion of vessels entering/departing the port.

9. If there have been charges denied in the past, that were valid and fall under our recent clarification, TSP's have the ability to rebill those line items. When doing so, request that TSP's add a note in CWA to explain the rebilling.

10. The practice of duplicate billing, whether domestic or intentional, is a direct violation of government billing policies. The PPSO is responsible for receiving and processing movement orders using the Personal Property Shipping system (CWA), and resolve any billing disputes with the TSP. If a PPSO finds that a TSP has double billed a single charge, the PPSO should place the charge in a denial status as required, and send the TSP one (1) Letter of Warning (LOW) for the first offence using procedures outlined in the DTR, Appendix O, B.2, b. 3. If duplicate billing continues, PPSO's will take immediate suspension action against the TSP using

procedures outlined in the DTR Appendix O, 8.2, 4, c. All duplicate billing thereafter by the same TSP will be forwarded to SDDC for a formal investigation. If deemed appropriate, SDDC will convene a Carrier Review Board against the TSP to remove their company from participation in the DOD Personal Property Program in accordance with procedures outlined in SDDC Regulation 15-1 "Procedures for Disqualifying and Placing Carriers in Nonuse".

SDDC has recognized the need to provide a clearly defined description, as well as clarify the usage of the item codes Air Fuel Surcharge (100), Bunker Surcharge (BSC, FAF, BAF), War Risk (WAR), Port/Terminal Security Handling Surcharge (COF), and Port Congestion Surcharge (CON). The below definitions and application become effective March 1, 2006 and will be incorporated into the next Personal Property International (I-17) and Domestic (D-11) Rate Solicitations.

**DEFINITIONS:**

**Air Fuel Surcharge (100)** – An extra charge that is charged to the Transportation Service Provider (TSP) by the aerial TSP. This surcharge is applicable to codes of service 6 and 8.

**Bunker Surcharge (BSC)** – An extra charge, also known as Bunker Adjustment Factor (BAF) or Fuel Adjustment Factor (FAF), sometimes added to ocean TSP rates. This surcharge is justified by higher fuel costs. This surcharge is applicable to codes of service a 1, 2, 3, 4, and 7.

**War Risk Surcharge (WAR)** – Insurance coverage for loss of goods resulting from any act of war or as a result of the vessel "entering" the war risk area when billed by the ocean/air TSP. This charge is only applicable to areas deemed "war risk" areas, as provided for on the SDDC website, www.sddc.army.mil, Personal Property/POV, International, War Risk Areas. This surcharge is applicable to codes of service 1, 2, 3, 4, 6, 7, and 8.

**Port/Terminal Security Handling Surcharge (COF)** – An extra charge that is billed to the TSP for security of their cargo while at the port of embarkation/debarkation. This surcharge is applicable to codes of service 1, 2, 3, 4, 5, 6, 7, 8, T, and J.

**Port Congestion Surcharge (CON)** – An extra charge that is billed to the TSP for controlling the congestion of trucks/vessels entering/departing the port. This surcharge is applicable to codes 1, 2, 3, 4, 5, 7, T, and J.

**APPLICATION:**

**Note 1:** Air fuel, bunker, and War Risk surcharges are not applicable on shipment codes of service T, S, and J. These charges are all billed by the ocean/air TSP and this service is performed by the U.S. Government, in codes of service T, S, and J.

**Note 2:** Surcharges, other than those identified above, will be considered on a case-by-case basis with reimbursement decision resting at the sole discretion of the Surface Deployment and Distribution Command. With the exception of fuel related surcharges and unless otherwise stated, all surcharges are meant to be temporary in nature in and until the TSP has been provided official notification to incorporate such additional fees into their single factor rate.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 17th day of September 2007 served copies of the foregoing document by first class mail, postage prepaid, as follows:

> Mr. James F. Fitzgerald
> Director
> Audit Division (FBA)
> Office of Transportation and Property
>   Management
> General Services Administration
> Crystal Plaza 4
> 2220 Crystal Drive
> Arlington, VA 20406-0003
>
> Mr. Jim Johnson
> Deputy to the Deputy
> Chief of Staff for Passenger
> & Personal Property
> Surface Deployment and Distribution Command
> SDDC-PPP-P
> 200 Stovall Street
> Alexandria, VA 22332

Stanley I. Goldman

Before The
## CIVILIAN BOARD OF CONTRACT APPEALS

## CBCA 888-RATE

In the Matter of AMERICAN WORLD FORWARDERS, INC.

## BRIEF OF AMERICAN WORLD FORWARDERS, INC. ON THE JURISDICTIONAL ISSUE

Pursuant to the Order, dated October 23, 2007, American World Forwarders, Inc. (American World), claimant in this proceeding, by its undersigned attorneys, submits this brief on the jurisdictional issue of the scope of the Board's review of the settlement action of GSA's Transportation Audit Division in offsetting $32,338.91 of claimed overcharges against American World pursuant to Settlement Certificate, No. AMNW0001, dated July 27, 2007.

## RELEVANT JURISDICTIONAL FACTS

As stated in American World's claim before this Board, GSA alleged in its Notice of Overcharge that American World is not entitled to CON/COF surcharges under Item 433a (3) (d) of the International Through Government Bill of Lading (ITGBL) solicitation of the Surface Deployment and Distribution Command (SDDC) on the ground that the surcharges were not payable on unaccompanied baggage shipments moving in Code J service. The Notice of Overcharge stated:

> "This Notice of Overcharge is issued to recover charges that were erroneously billed by your company for War Risk Surcharges (WAR), Port/Terminal Security Handling Surcharges (COF), and Port Congestion Surcharges (CON), applied to codes T, 5, and J shipments.
>
> The Surface Deployment and Distribution Command (SDDC) issued a letter dated February 24, 2006, clarifying the description and application of these surcharges. The letter states in Note 1 that, 'Air fuel, bunker, War Risk, Port/Terminal Security Handling, and Port Congestion surcharges are not

applicable on shipment codes of service T, 5, and J.' Further, SDDC refers to this statement as a clarification of the billing procedure, not a change. In accordance with this explanation of the appropriate billing of surcharges, the Audit Division is requesting a refund of excess charges related to the improper application of surcharges to Codes T, 5, and J shipments." (American World Claim, Att. 2).

American World protested this Notice of Overcharge (Att. 1 hereto) on the basis that the SDDC message, dated February 24, 2006, cited by the Audit Division in its Notice of Overcharge, was reversed by SDDC in its message, dated April 11, 2006, which specifically provides that CON and COF surcharges are payable and have always been payable on Code J shipments, stating:

> "1. The definitions and applications were clarifications to the current international Personal Property Rate Solicitation. The clarification provided guidance as to how TSPs should have always billed and should continue to bill the listed surcharges. These clarifications will be incorporated in to the next released rate solicitations..."

*       *       *

> "4. SDDC has reviewed the feedback and invoices provided from industry and have incorporated code T, J, 5 into billing code CON and COF." (American World Claim, Att. 7).

GSA denied American World's protest by Settlement Certificate AMNW0001, (American World Claim, Att. 1), which states in pertinent part:

> "...The overcharge notice concerning port security charges on DRN AMNW0001 has been reviewed and is correct as issued. As a result, there are no charges due." (American World Claim, Att. 1).

American World's claim before the Board is an appeal of GSA's final audit action holding that it overcharged the government solely on the alleged ground that the CON/COF surcharges under Item 433a (3) (d) are not payable on Code J shipments.

## ISSUE PRESENTED

Whether the Board's jurisdiction under its Transportation Rate Rules, 301 et seq., covering an appeal of a final action of GSA's Transportation Audit Division, is limited to determining whether or not the government was overcharged for the reason set forth by GSA in its Notice of Overcharge and its Settlement Certificate or whether the Board may deny the claimant's appeal for a reason not stated by GSA in its Notice of Overcharge or Settlement Certificate.

## STATEMENT OF POSITION

We maintain that the authority of GSA's Audit Division to assert a claim of overcharges is governed by GSA's Transportation Audit regulations. Specifically, GSA's regulation 102-118-435(f) requires GSA to state the specific basis for alleging an overcharge in its Notice of Overcharge; GSA's regulation 102-118.600 grants the TSP the right to appeal GSA's Notice of Overcharge to GSA's Audit Division; and GSA's regulation 102-118.625 provides that if GSA denies the TSP's appeal of the Notice of Overcharge, GSA will issue a Settlement Certificate.[1] The Board's jurisdiction under GSA's audit regulation 102-118.650 is limited to a review of GSA's settlement action denying the TSP's appeal of a Notice of Overcharge.

For these reasons, we maintain that the scope of the Board's review of American World's appeal is limited to determining whether American World overcharged the government when it billed and was paid CON/COF surcharges under Item 433a (3) (d) because, as claimed by GSA in the Notice of Overcharge and Settlement Certificate, this item did not apply to Code J shipments. The Board is not authorized by GSA's audit regulations to consider any of the other reasons advanced by GSA in its reply because none of those reasons was set forth in the Notice of Overcharge or in the Settlement Certificate. Further, the failure of GSA to include any of the contentions now advanced in its response to the appeal pending with the Board has deprived American World of the opportunity to have its position on these new issues evaluated and reflected by GSA in a Settlement Certificate which evidences the final determination of GSA's Audit

---

[1] We have been advised by the chief attorney for the Board that issuance of a Settlement Certificate is required for the Board to have jurisdiction over a TSP's appeal. See Declaration of Alan F. Wohlstetter in related cases CBCA 902-909, 912-915.

Division. This procedure is necessary for claimant to exercise its statutory right of appeal to either this Board or to the U.S. Court of Federal Claims as provided for in GSA's regulations.

Should the Board consider any of the other grounds which GSA did not set forth in a Notice of Overcharge, American World will be deprived of the procedural due process guaranteed by GSA's regulations, viz. notice of GSA's reason for alleging the overcharge and opportunity to appeal to GSA. Further, American World will be deprived of its right under the regulations to rebut this contention and of its option of filing an action before this Board or in the U.S. Court of Federal Claims if its protest is denied by GSA.

For the reasons which follow claimant contends that this Board has no jurisdiction, and should not consider any matters not previously the subject of a final determination by GSA.

ARGUMENT

I.      THE BOARD'S JURISDICTION OVER THE AUDIT DIVISION'S FINAL SETTLEMENT ACTION IS LIMITED, BY THE REGULATIONS OF BOTH THE BOARD AND OF GSA'S AUDIT DIVISION TO A REVIEW OF THE REASON FOR THE ALLEGED OVERCHARGE SET FORTH BY GSA IN THE SETTLEMENT CERTIFICATE.

The jurisdiction of the Board to review American World's claim for refund of the amounts offset is set forth in Board Rule 301(a), which provides:

> "(a) Authority 31 U.S.C. 3726 (i) (1) provides that a carrier or a freight forwarder may request the Administrator of General Services to review an action taken by the Audit Division of the General Services Administration's Office of Transportation and Property Management (the Audit Division). The Administrator has redelegated those functions to the Civilian Board of Contract Appeals."

4

The Board's authority thus is limited to a review of the final action taken by the Audit Division in accordance with the procedures set forth in GSA's Transportation Audit Regulations. As we show, the action of the GSA Audit Division following a postpayment audit, which is the case presented here, is not final until the Audit Division complies with its own regulations which require the Audit Division to set forth the specific basis for the proposed offset in the Notice of Overcharge.

Regulation 102-118.435 provides in pertinent part:

"§102-118.435  **What procedures does GSA use to perform a postpayment audit?**
When GSA performs a postpayment audit, the GSA Audit Division has the delegated authority to implement the following procedures:

\*        \*        \*

(f)  Issue a Notice of Overcharge stating that a TSP owes a debt to the agency. This notice states the amount paid, the basis for the proper charge for the document reference number, and cites applicable tariff or tender along with other data relied on to support the overcharge. A separate Notice of Overcharge is prepared and mailed for each bill...."

GSA's Regulation then grants the TSP the right to appeal the basis alleged in the Notice of Overcharge:

"§102-118.600  **When a TSP disagrees with a Notice of Overcharge resulting from a postpayment audit, what are the appeal procedures?**
A TSP who disagrees with the Notice of Overcharge may submit a written request for reconsideration to the GSA Audit Division...."

The TSP's appeal necessarily is limited to objecting to the reason stated by GSA's Audit Division in the Notice of Overcharge.

If GSA denies the TSP's appeal of the Notice of Overcharge, GSA Regulation 102-118.620 requires GSA to issue a Settlement Certificate, explaining the reason for GSA's denial of the TSP's appeal of the claim of the overcharge. Regulation 102-118.620 provides:

> "§102-118.620 **How will a TSP know if the GSA Audit Division disallows a claim?**
> The GSA Audit Division will furnish a GSA Form 7932, Settlement Certificate, to the TSP explaining the disallowance."

The issuance of the Settlement Certificate is the final action of the Audit Division under GSA's regulations and is a prerequisite to the Board's having jurisdiction over a TSP's claim for review of GSA's final settlement action. GSA regulation 102-118.650 provides:

> "§102-118.650 **Can a TSP request a review of a settlement action by the Administrator of General Services?**
> Yes, a TSP desiring a review of a settlement action taken by the Administrator of General Services may request a review by the GSA Board of Contract Appeals (GSBCA) [now Civilian Board of Contract Appeals (CBCA)] or file a claim with the United States Court of Federal Claims." (28 U.S.C. 1491).

We maintain that under the above-cited mandatory provisions of GSA's regulations, the final audit action for review by the Board is the issuance of the Settlement Certificate denying American World's contention in its protest that the surcharge is applicable to Code J shipments and therefore the grounds for the proposed offset set forth in the Notice of Overcharge and the Settlement Certificate is without support. The Board's jurisdiction on review is limited to the sole issue stated in the Notice of Overcharge, viz. whether the CON/COF surcharges provided for by Item 433 a (3)(d) are applicable to Code J shipments.

Further, we point out that in GSA's Reply to American World's claim, GSA's Director of the Audit Division does not even attempt to support GSA's allegation that the CON/COF surcharges do not apply to Code J shipments. Instead, GSA's Director has abandoned the sole ground on which GSA justified its offset of $32,328.91. None of these reasons was ever stated in GSA's Notice of Overcharge, as required by GSA's

Regulation 102-118.435(f), and therefore, American World was never given the opportunity, as provided by GSA's Regulation 102-118.600, to oppose GSA's new grounds for disallowance. Consequently, no Settlement Certificate has been issued on these other grounds, as required by GSA regulation 102-118.620, which is necessary for the GSA action to be final and subject to review by the Board. (GSA regulation 102-118.650). For these reasons, none of the other matters alleged by GSA is ripe for consideration by the Board.

II.    CONSIDERATION OF THE OTHER MATTERS NOT ALLEGED BY GSA IN THE NOTICE OF OVERCHARGE WILL DEPRIVE AMERICAN WORLD OF PROCEDURAL DUE PROCESS AND OTHER RIGHTS.

Should the Judge expand the scope of the proceeding to include the other matters not asserted by GSA in its Notice of Overcharge or its Settlement Certificate, American World will be denied the procedural due process provided by GSA's regulations and will also be deprived of its rights to determine the scope of its appeal and to select the forum, viz. the U.S. Court of Federal Claims or the CBCA.

GSA's regulations grant TSPs procedural due process when GSA claims overcharges, viz. the right to notice and to oppose the overcharge claim before the TSP's funds are taken away by offset. GSA allows a TSP 60 days to respond to a Notice of Overcharge as stated by Mary Bates, Deputy Director of GSA's Audit Division, in a Declaration dated, August 29, 2007:

"Offsets usually begin automatically when a carrier does not respond to the Notice of Overcharge with either payment or a written protest within prescribed time frames, usually 60 days from issuance...."[2]

Consideration of these other grounds, by the Board, on which American World has not been accorded its right to be heard prior to offset will deny American World the procedural due process provided for under the governing regulations, which requires GSA to state the specific basis

---

[2] Declaration of Mary Bates, filed in <u>Cartwright Van Lines, Inc.</u>, v. <u>Doan</u>, No. 1:07-1454, U.S. District Court for the District of Columbia.

relied upon by GSA for the proposed offset and the right to contest the proposed offset before it is made.

Further, the Board cannot circumvent GSA's regulations by considering GSA's other reasons in the interest of "judicial economy", as counsel for GSA suggested during the conference call on October 23, 2007. First, "judicial economy" cannot justify a failure of the Audit Division to follow its own regulations. Second, we submit that there is no assurance that consideration on appeal of the validity of these new contentions will result in any economy of the Board's process. If accorded the opportunity provided for by regulations, we will establish before GSA's Audit Division that these new contentions are wholly without merit. If we are successful, the Board will not need to resolve these other issues.[3]

Lastly, we maintain that if these other issues are to be litigated, claimant has the right to determine whether to file an appeal with the Board or in the U.S. Court of Federal Claims. Since the only issue raised by GSA in its Notice of Overcharge and Settlement Certificate issued to American World is the application of the CON/COF surcharge to Code J shipments, we appealed to the Board to obtain a prompt decision, recognizing that an action before the U.S. Court of Federal Claims could take more than a year before a decision would issue. However, if the significantly broader issues now raised by GSA are to be considered, we believe that the U.S. Court of Federal Claims would be the preferable forum because it provides plaintiffs, as a matter of right, with the full range of discovery through depositions, interrogatories, requests for production of documents and requests for admissions and provides for a trial to cross-examine adverse witnesses and to present live testimony in open court.

---

[3] We have today received a copy of an email which denies the protest of another TSP to a Notice of Overcharge on two new grounds, viz. that the amount claimed was not pursuant to a filed tariff with a regulatory body or commission and that the TSP should have billed for "waiting time" under Item 503. (Attachment 2 hereto). We maintain that the Board should not prejudge these issues, which are not presented by American World's appeal and, depending on the outcome of the appeal by this other TSP to the Audit Division, may never be presented to the Board for decision.

CONCLUSION

For the above reasons, we maintain that the jurisdiction of the Board in a review of GSA's claim of overcharge against American World is limited to the reason set forth in GSA's Notice of Overcharge and Settlement Certificate. Therefore, the only issue to be resolved by the Board is whether the CON/COF surcharges under Item 433a (3) (d) are payable to American World on Code J shipments. We respectfully submit that the Board does not have jurisdiction to consider the other matters raised by GSA in its reply.

Respectfully submitted,

Alan F. Wohlstetter
Stanley I. Goldman
DENNING & WOHLSTETTER
888 Seventeenth Street, NW,
Suite 700
Washington, DC 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
E-mail: awohlstetter@aol.com
Attorney for
American World Forwarders, Inc.

Dated: November 6, 2007

cc: Lt. Col. Sheila McDonald
Staff Judge Advocate
Surface Deployment and Distribution Command
Building 1990
709 Ward Drive
Scott AFB, IL 62225
FAX: (618) 220-5020

9

Mr. James F. Fitzgerald, Director
Audit Division (FBA)
Office of Transportation and Property
 Management
General Services Administration
Crystal Plaza 4
2220 Crystal Drive
Arlington, VA 20406-0003
FAX: (703) 605-9933

Aaron J. Pound, Esq.
GSA Office of General Counsel
General Law Division (LG)
1800 F Street, NW
Room: 4115
Washington, DC 20405-0001
FAX: (202) 208-0085

# American World Forwarders, Inc.

8080 Ward Parkway # 402 • Kansas City, Missouri 64114
(816) 942-4800 Ext. 302 • Fax: (816) 942-4805 •
Email: frank@amnw.com

April 26, 2006

Mr. James F. Fitzgerald
Director Audit Division (FBA)
General Services Administration
2200 Crystal Drive, Room 300
Arlington, VA 20406

Dear Mr. Fitzgerald:

This is in response to the Notice of Overcharge issued on April 03, 2006 against American World Forwarders, Inc. in the amount of $32,338.91. As shown by the underlying support, these charges were incurred either as a result of port congestion and/or security handling matters, CON or COF.

As you are aware, SDDC has just released a clarification message, dated April 11, 2006, now on SDDC's Web site, which I understand has been furnished to you by the Household Goods Forwarders Association of America. The document recognizes the point made by the HHGFAA and Alan Wohlstetter, General Counsel of the Association, who is also our attorney, that port congestion results from trucks as well as vessels. You will note that the SDDC clarification reflects this in its definition of CON and further makes clear that these surcharges are applicable to Codes 5, T and J. On this basis, we ask that the Notice of Overcharge be withdrawn.

In the past, we have also received Notices of Overcharge covering our assessment of unpacking charges on baggage shipments. As you may know, at the last Military/Industry Symposium, SDDC agreed that unpacking of baggage shipments will be made a pre-approved item thereby eliminating any need for authorization of this service by the Transportation Officer. In other words, the request of the military member will suffice for payment of this service. Although nothing has yet been issued by SDDC on this subject, I would ask, to avoid unnecessary administrative burdens, that you defer any further action on this type of overcharge until SDDC has advised of its final action on this matter.

Should anything further be required, please let me know.

Sincerely,

AMERICAN WORLD FORWARDERS, INC.

By_____
    Frank Standley

Att. 2

**GSA**

**U.S. General Services Administration**

NOVEMBER 01, 2007

COVAN INTERNATIONAL,INC.                                    SCAC:  CVII
P.O. BOX 960
ATTN: JOYCE FARISH
MIDLAND CITY            , AL  36350

DEAR SIR/MADAME:

    THIS NOTICE IS TO ADVISE YOU THAT YOUR PROTEST REQUEST FOR THE
FOLLOWING ACCOUNT HAS BEEN DENIED.

| DATE RESOLVED | DRN | CARRIER BILL NUMBER | SHIP SPECIFIC REFERENCE |
|---|---|---|---|
| 11/01/07 | CVII0001 | Various | Various |

    THE DENIAL OF THE SUBMITTED PROTEST REQUEST WAS BASED ON THE
FOLLOWING:

CVII'S PROTEST IS BASED ON A REQUEST FOR COMPENSATION UNDER
RATE SOLICITATION 13, AS AMENDED, ITEM 433D.GSA SUSTAINS THE
BASIS FOR THE NOC BECAUSE CVII FAILED TO MEET THE BASIC PRO-
VISIONS THAT THE RATES AND CHARGES THAT ARE PASSED THROUGH BE
(1) BASED ON FILED TARIFFS WITH REGULATORY BODIES OR COMMISSIONS
AND (2) SEPARATELY STATED AND SUPPORTED BY INVOICES. AN OPTIONAL
AND APPROPRIATE MEANS OF COMPENSATION IS PROVIDED AT ITEM 503.
MCB

    IF YOU HAVE ANY QUESTIONS PLEASE CALL 703-505-9435.

                    DIRECTOR, TRANSPORTATION AUDIT DIVISION

                    Crystal Plaza 4, ROOM 300(FBA)
                    2200 Crystal Drive
                    Arlington, VA 20406