UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTWRIGHT INTERNATIONAL VAN LINES, INC. et al., <br> Plaintiffs, <br><br> v. <br><br> LURITA ALEXIS DOAN, Administrator of General Services Administration, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Number: 1:07-1454 (EGS) |

**STATUS REPORT**

In accordance with this Court's November 7, 2007 Order, Defendant submits this status report to advise the Court of the status of the debt collection actions undertaken by the General Services Administration ("GSA") in connection with the overcharges at issue in this case. The deductions of monies against Plaintiffs' other bills were due to resume November 12, 2007. However, in order to permit the Court to review Plaintiffs' amended complaint and Defendants' renewed motion to dismiss, GSA will extend its voluntary forbearance of those deductions through November 29, 2007.

GSA has considered the Court's proposal that it extend its forbearance through December 31, 2007, or the date on which the Court issues a final decision in this case. However, GSA has determined that the risks attendant to such an extension of the forbearance period are too significant. Congress has authorized GSA to take deductions from amounts due under current bills as a means of collecting debts the carrier owes GSA as a result of overcharges on prior bills. *See* 31 U.S.C. § 3726(d); *Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1020 (Fed. Cir. 1995). GSA had the right to commence those deductions approximately seventeen months ago,

because Plaintiffs did not pay the debt. Although the regulations did not require it to do so, GSA suspended deductions against Plaintiffs' other bills for over fifteen months — until July 25, 2007 — to allow Plaintiffs and other industry members to engage in extended discussions with GSA concerning the disputed overcharges. *See* Fitzgerald Decl. ¶ 3 (Exh. 1 hereto); Bates Decl., ¶ 6 (Exh. 1 to Dkt. Entry 7). However, none of the arguments Plaintiffs presented warranted a change in GSA's determination — expressed in the Notice of Overcharge — that the relevant charges were not authorized as "WAR" or "CON" charges. GSA voluntarily adopted an additional 30-day abeyance period in order to permit the preliminary injunction motion to be briefed, and has extended that abeyance in light of the Court's scheduling of a status hearing. As a result of these forbearances, GSA no longer has authority to collect some of the overcharges via deductions. *See* 31 U.S.C. § 3726(d). GSA has given Plaintiffs longer forbearances than any of the other 11 TSPs who have pending disputes over the same charges. It is not in the Government's best interest to defer deductions any longer. Unless Plaintiffs demonstrate that they meet the criteria for entry of a preliminary injunction or temporary restraining order — which their prior motion fails to do — GSA must resume its collection actions, and recoup the funds that Plaintiffs owe.

   Plaintiffs' proposal to enter into an agreement to waive any objection to the deductions of debt due more than three years prior to the date of the deductions, or some other settlement agreement, would not put GSA in the same position as continued deductions pursuant to Section 3726(d). Any such agreement would be a promise to pay GSA money in the future. *See* Fitzgerald Decl. ¶ 6 . However, GSA has concerns about Plaintiffs' future viability, given that this is an industry in which carriers are thinly capitalized. *See id.* ¶ 4. Indeed, the crux of the

irreparable harm argument Plaintiffs raised in their preliminary injunction motion appears to be that the funds GSA has deducted and will deduct once deductions resume represent such a significant portion of their revenues that losing those funds would threaten their very existence. If that is true, then GSA has no assurance that it would be able to collect on any agreement Plaintiffs may make to pay GSA the same amount of money at some date in the future. Instead, it is in GSA's interest to collect the money as soon as possible, while Plaintiffs are doing business and submitting new bills to federal entities.

Defendant further notes that its decision to resume deductions effective November 29, 2007 will not deprive Plaintiffs of an opportunity to challenge GSA's actions. As discussed at the November 7, 2007 status hearing, Plaintiffs have filed claims before the Civilian Board of Contract Appeals. Plaintiffs also have the option of entering into a repayment plan with GSA, pursuant to which they could set re-payment terms that are agreeable to all parties.

Dated: November 8, 2007                     Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
Raymond J.M. Wong
GENERAL SERVICES ADMINISTRATION,
Office of General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARTWRIGHT INTERNATIONAL VAN )
LINES, INC. et al., )
                     Plaintiffs, )
)
             v. )   No.: 1:07-1454 (EGS)
)
LURITA ALEXIS DOAN, Administrator of )
General Services Administration, )
)
                     Defendant. )

## DECLARATION OF JAMES F. FITZGERALD

1. I am the Director of the Transportation Audit Division (QMCA), Office of Travel and Transportation Services, Federal Acquisition Service, U. S. General Services Administration. I have served in this position for 15 years. My primary responsibilities are to oversee the detection and recovery of overcharges and overpayments paid by federal agencies to transportation service providers ("TSPs").

2. I make this declaration based on my knowledge of work processes employed to achieve organization objectives. I have a comprehensive understanding of the audit function, policies and procedures, and regulations governing Federal claims, collection standards and procedures, and bankruptcy procedures.

3. GSA has not taken any deductions at the Finance Centers against Cartwright and Foremost for a period of 17 months (from June 2006 until November, 2007), which has hindered GSA's ability to ever collect part of their debt.

4. GSA has concerns that the length of the ongoing legal action and the size of the debt could affect the two companies' viability. Carriers in the TSP industry generally are thinly capitalized.

5. GSA would hold off deduction action until November 29, 2007, if assurances were provided by the two companies

6. However, GSA will not voluntarily defer deductions beyond November 29, 2007. GSA has considered the Court's request that it consider extending its voluntary forbearance through the end of 2007 or the date on which the Court issues a final ruling in the case. However, GSA has determined that the risks would be too great.

Any agreement the parties entered into would simply indicate that plaintiffs commit to pay money to GSA at a date in the future (if they are solvent and/or exist at that time). Plaintiffs' promise to pay the money after this Court issues a final decision would not put GSA in the same position that it is in now. Under the applicable statutes and regulations, GSA currently has the right to immediately collect the debt through deduction actions applied against other bills.

Executed on November 8, 2007.

*[signature]*
JAMES F. FITZGERALD
Director, Transportation Audit Division