IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc.<br>11901 Cartwright Avenue<br>Grandview, MO 64030,<br><br>and<br><br>Foremost Forwarders, Inc.<br>2505 S.W. Spring Street<br>Suite 100<br>Portland, OR 97219<br><br>Plaintiffs<br><br>v.<br><br>Lurita Alexis Doan, Administrator of the<br>   General Services Administration<br>1800 F Street, NW<br>Washington, DC 20405<br><br>Defendant | No. 1:07-1454 (EGS) |

FIRST AMENDED COMPLAINT

Plaintiffs complain of defendant and for their cause of action respectively represent:

NATURE OF THIS ACTION

1. This is a complaint for declaratory and injunctive relief by plaintiff carriers requesting the Court to enjoin defendant from collecting thousands of dollars by offset from monies indisputedly due and paid to plaintiffs for

transportation services rendered to the government at its request. These offsets are being made at the direction of the Transportation Audit Division of the General Services Administration (GSA) in violation of, and without according plaintiffs their rights to be advised in the Notice of Overcharge of the specific basis relied on for the offsets, and without the opportunity to respond before offset, as specifically provided for under GSA's Transportation Payment and Audit Regulations, 41 C.F.R. Part 102-118. The actions complained of are that GSA has violated and is continuing to violate its own regulations by offsetting monies from plaintiffs on a basis other than that stated in the Notices of Overcharge and by failing to accord plaintiffs the right to respond to the different grounds relied on by defendant (but not set forth in the Notices of Overcharge) prior to the offsets being made. As a result of GSA's actions, which are the subject of this Complaint, the government has already collected by offset from plaintiffs $501,370 without according plaintiffs their rights to establish that they are entitled to the monies being deducted. Further, defendant is in the process of taking away from plaintiffs as of this date an additional $1,622,947, again without stating GSA's current basis for the deduction in the Notices of Overcharge and again without according plaintiffs the right to protest this action before the deductions are made. Unless enjoined defendant will continue to take plaintiffs' monies by offset in this manner which is in specific violation of the governing GSA regulations.

2.   GSA's actions are depriving plaintiffs of the working capital necessary for the servicing of military household goods shipments. Since the exclusive business of each plaintiff is the servicing of military household goods shipments, GSA's unlawful taking of hundreds of thousands of dollars from each plaintiff will put them out of business so that an eventual recovery of these monies, after a favorable decision, will be too little and too late. GSA's unlawful deductions have exacerbated the financial impact on plaintiffs since the monies now being deducted were not retained by plaintiffs but were paid over, without mark-up, to their port agents for performance of the required services. These port agents are independent companies in no way affiliated by ownership or control with plaintiffs.

3.   Plaintiffs seek an order of the Court declaring that the action of GSA's Audit Division in offsetting monies from plaintiffs in violation of its own regulations, without according plaintiffs the opportunity to respond, is unlawful, arbitrary and capricious and an abuse of discretion in violation of the Administrative Procedure Act (APA), 5 U.S.C. §706(2) (A). We respectfully ask the Court to enjoin defendant from collecting monies by offset from plaintiffs on a basis other than alleged in the Notices of Overcharge and without according each plaintiff the right to respond and establish its entitlement to the monies being deducted until such time as defendant abides by its own regulations and sets forth in the Notices of Overcharge the basis relied on for its offsets and grants each plaintiff, prior to offset,

3

the right to respond to and rebut the bases on which GSA's Audit Division now posits its offset.

4. Plaintiffs Cartwright International Van Lines and Foremost Forwarding filed appeals with the Civilian Board of Contract Appeals on September 18, 2007, docketed as No.904-RATE and 908-RATE respectively. These appeals address solely the correctness of the basis for the prospective offsets which GSA set forth in its Notices of Overcharge, viz. the applicability of the CON surcharge, contained in Item 433 of the solicitation issued by SDDC, to Code J shipments. The appeals require the CBCA to interpret the terms of Item 433 of the governing solicitation. On October 23, 2007, Judge Eileen P. Fennessy requested the parties to brief the question of whether the CBCA had jurisdiction to consider in these appeals bases for the offsets not previously advanced by defendant which GSA did not set forth in its Notices of Overcharge and on which plaintiffs were denied the opportunity to be heard before offset, as required by GSA's regulations. On November 6, 2007, plaintiffs filed a brief, as requested by Judge Fennessy, in which they concluded that the pending appeals were limited to the sole issue set forth in the Notices of Overcharge, namely the applicability of the item in the solicitation to Code J shipments, and contended that the CBCA decision is required to be limited to a review of the matters contained in the Notices of Overcharge. If Judge Fennessy finds in favor of plaintiffs, she will award money damages in the amounts offset

from the funds of plaintiff. On the other hand, if Judge Fennessy should deny plaintiffs' claims, to recover, plaintiffs' only remedy is to file an action de novo in the U.S. Court of Federal Claims under 28 U.S.C. §1491(a) in which they would seek to recover the monies taken away from them by GSA's offsets. No appeal exists in this Court or in any other Court from a denial by the CBCA of the money judgments sought by plaintiffs.

5. Unlike the CBCA proceeding, this Complaint does not involve any interpretation of any item of the solicitation or any payment of monies. It is limited to an interpretation of the GSA regulations and plaintiffs ask solely for a finding that the GSA has violated its own regulations because the bases now advanced for the offsets are not contained in the Notices of Overcharge; nor have plaintiffs been accorded the opportunity to seek reconsideration of GSA's new contentions before offset, as provided for by the GSA's rules.

6. Plaintiffs further allege that the CBCA is a creature of GSA, acting solely by delegation from the Administrator of GSA. (CBCA Rule 301(a). A review by an agency of compliance with its own regulations is not the impartial type of review to which plaintiffs are entitled. That impartial review can only be made by this Court when it determines whether GSA has violated its own regulations, as alleged in this Complaint, and thus acted arbitrarily and capriciously in violation of the Administrative Procedure Act.


## JURISDICTION

7. This Court has jurisdiction of plaintiffs' claims against defendant under 28 U.S.C. §§1331, 2201 and 2202 and 5 U.S.C §701, et seq.

## PLAINTIFFS

8. Plaintiff Cartwright International Van Lines, Inc. is a Missouri corporation with its principal place of business at 11901 Cartwright Avenue, Grandview, MO 64030,

9. Plaintiff Foremost Forwarders, Inc. is a California corporation with its principal place at business 2505 S.W. Spring Street, Suite 100, Portland, OR 97219-3966.

## DEFENDANT

10. Defendant Lurita Alexis Doan, is the Administrator of the General Services Administration, 1800 F Street, NW, Washington, DC 20405.

11. Defendant at all times relevant hereto acted through the officers, employees and agents of the General Services Administration.

## FACTS

12. Each plaintiff is a carrier which is exclusively engaged in the forwarding of military household good shipments, a substantial number of which move in Code J service between the United States and overseas points. This transportation program is administered by the Surface Deployment and Distribution

Command (SDDC), an agency of the Department of the Army. Charges for these services are contained in rates filed with SDDC by plaintiffs and other participants in this program on a semi-annual basis. These rates are known as "SFRs". (single-factor rates). Additional charges (which do not apply to all shipments, and which are not included in the SFRs), are published in the government's solicitation as surcharges and include the pass-through to the government of expenses incurred by plaintiffs as a result of congestion which occurred after more stringent security procedures were put in place at military installations after "9/11". These surcharges are applicable to Code J shipments which are the only ones involved in this action.

13.  Code J shipments cover the movement of those items in a household goods shipment needed by the military member in advance of the total shipment and which are forwarded by air. In Code J, plaintiffs move the shipments to and from military aerial ports and the air transportation is furnished by the government.

14.  After 9/11, military bases, including military aerial ports, increased their security which created additional expense to plaintiffs in picking up and delivering shipments from the military aerial ports in the United States resulting from relocation of the place of entry, delays in accessing the military airports, or a combination of both. This was brought to the attention of the Military Traffic and Management Command (MTMC), the predecessor of SDDC, shortly after 9/11 in 2001 and MTMC advised carriers to bill these additional charges as a pass-through

under Item 432 (for household goods) and Item 433 (for unaccompanied baggage). Plaintiffs, and other companies participating in the military Code J unaccompanied baggage program, consistently billed under Item 433 to cover the charges made by their respective airport agents for performing the required services on their behalf.

15. Although these invoices were subject to pre-payment and post-payment audits, defendant consistently paid plaintiffs' billings made pursuant to Item 433. It was not until November of 2006, five years later, that GSA issued its first Notice of Overcharge in which it claimed that this item was not applicable to shipments moving in Code J service. SDDC, by documents, dated March 25, 2006 and April 11, 2006 made clear that the item in question did apply to Code J shipments.

16. Although GSA, at a meeting held on August 2, 2007, informally advised the carriers that collection of all monies involved in the Notices of Overcharge which had been issued, and are to be issued, would now be collected on the basis advanced, for the first time, that the billings should have been made under Item 503 relating to "waiting time," GSA did not set this forth as a basis for deduction in any Notice of Overcharge which is the subject of this Complaint and in the appeals pending in the Civilian Board of Contract Appeals (Docket Nos. 904-RATE and 908-RATE), including those issued subsequent to that meeting.

17. GSA declined the carriers' request to hold up the collection of these monies until they were given an opportunity to respond to this latest "waiting time"

8

contention, which the carriers, including plaintiffs, and the representative of the industry who worked out the billing arrangement with MTMC, believed to be completely without justification.

18.  GSA is continuing to issue Notices of Overcharge on the sole basis that Item 433 does not apply to Code J shipments and has offset and will continue to offset monies from plaintiffs, with the huge sums involved giving rise to the need for the injunctive relief here sought.

19.  As relevant, GSA's Transportation Audit Division is the agency responsible for auditing carrier billings for transportation services provided to the government pursuant to 31 U.S.C. §3726. The procedure for conducting audits of transportation billings is set forth in GSA's Transportation Payment and Audit Regulations, 41 C.F.R. Part 102-118. As relevant, GSA's audit regulations provide that when the Audit Division determines in a post-payment audit that a carrier has allegedly been overpaid, it is to issue a Notice of Overcharge stating the specific reasons for the alleged overcharge. The regulations accord the carrier the right to submit a written request for reconsideration to demonstrate that the payment to the carrier was proper. GSA's governing regulations provide:

> "§102-118.435 **What procedures does GSA use to perform a postpayment audit?**
> When GSA performs a postpayment audit, the GSA Audit Division has the delegated authority to implement the following procedures:
> \*   \*   \*

(f) Issue a Notice of Overcharge stating that a TSP owes a debt to the agency. This notice states the amount paid, the basis for the proper charge for the document reference number, and cites applicable tariff or tender along with other data relied on to support the overcharge. A separate Notice of Overcharge is prepared and mailed for each bill...."

\*   \*   \*

"§102-118.600  **When a TSP disagrees with a Notice of Overcharge resulting from a postpayment audit, what are the appeal procedures?**
    A TSP who disagrees with the Notice of Overcharge may submit a written request for reconsideration to the GSA Audit Division at...."

\*   \*   \*

"§102-118.620  **How will a TSP know if the GSA Audit Division disallows a claim?**
    A GSA Audit Division will furnish a GSA Form 7932 Settlement Certificate, to the TSP explaining the disallowance."

## PRAYER FOR RELIEF

We respectfully ask this Court to enjoin defendants from continuing to deduct monies from plaintiffs pursuant to Notices of Overcharge issued and to be issued until the basis for the overcharge is set forth in the Notices of Overcharge and plaintiffs are given the opportunity to respond before offset, as specifically provided for in GSA's Transportation Payment and Audit Regulations.

Respectfully submitted,

/s/Alan F. Wohlstetter
Alan F. Wohlstetter DC Bar No. 112797
Stanley I. Goldman DC Bar No. 109405
DENNING & WOHLSTETTER
888 Seventeenth Street, NW
Suite 700
Washington, DC 20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorneys for Plaintiffs
Cartwright International Van Lines, Inc.,
Foremost Forwarders, Inc.

Dated: November 9, 2007