IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc., <u>et al.</u>, )<br><br>Plaintiffs )<br><br>v. )<br><br>Lurita Alexis Doan, Administrator of General<br>    Services, )<br><br>Defendant ) | Civil Action No. 1:07-1454<br>(EGS) |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Plaintiffs Cartwright Van Lines International, Inc. and Foremost Forwarders, Inc., by their undersigned attorneys, hereby submit their opposition to the motion of defendant to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, for transfer of the case to the Court of Federal Claims under 28 U.S.C. §1631. Plaintiffs allege that this Court lacks jurisdiction because plaintiffs' claim is founded on a government contract and seek monetary relief in excess of $10,000 and that the Court of Federal Claims can provide complete relief. For the reasons stated below, this motion should be denied in its entirety.

## SUMMARY OF PLAINTIFFS' POSITION

Defendant's motion is predicated on the contention, which we maintain is incorrect, that plaintiffs' Complaint before this court duplicates the claims pending before the Civilian Board of Contract Appeals (CBCA) or that this action involves matters subject only to the jurisdiction of the Court of Federal Claims or the CBCA. Specifically, defendant's counsel states that the relief sought from this court "would require the government to pay money to them [plaintiffs], rather than deducting monies against payments that would otherwise be due". (Memorandum, p. 16).[1] Nothing could be further from the truth.

In their First Amended Complaint before this Court, plaintiffs seek a declaratory order that the ongoing practice of the General Services Administration (GSA) of offsetting monies for claimed overcharges for reasons not stated in a Notice of Overcharge and without the opportunity to be heard prior to offset violates the requirement of GSA's regulations. (41 C.F.R.§102-118.435(f); 118.600). Plaintiffs seek to enjoin GSA from continuing to make offsets without setting forth the specific basis for the offset in a Notice of Overcharge and without according plaintiffs the right to protest prior to offset as provided for in GSA's regulations and as required by procedural due process.

---

[1]  The reference "Memorandum" is to the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative to Transfer.

The issue before this Court of GSA's continuing violation of its regulations will not be resolved by decision of the CBCA in the pending cases; nor would it be resolved by a decision of the Court of Federal Claims. The cases before the CBCA involve claims to recover monies previously offset to which plaintiffs maintain they are entitled under the terms of Item 433 of the solicitation. This is the same issue that would be presented in a complaint filed in the Court of Federal Claims. The decision of the CBCA on the pending claims will not resolve the issue presented this Court in which plaintiffs seek to enjoin GSA from making future offsets without first according plaintiffs notice of the reason for the offset and the right to protest as provided for by GSA's audit regulations.

The only relief which the CBCA or the Court of Federal Claims may grant to plaintiffs is a money judgment equal to the amounts offset by GSA. The only relief requested and which can be granted by this Court is an injunction and declaratory order prohibiting GSA from continuing to take monies from plaintiffs by offset without complying with their regulations which guarantee plaintiffs notice and opportunity to be heard prior to taking monies from plaintiffs, as required under the concept of procedural due process.

If this Court finds that plaintiffs are correct, namely that GSA failed to follow the terms of its own regulations, the Court should issue a permanent injunction directing GSA to follow the requirements of its own regulations in

making future offsets.  The Court would not and should not require the government to repay any monies to plaintiffs since whether such monies are to be repaid or not would depend upon an interpretation of the terms of tender issued by SDDC (the contract) which is not before this Court and, which we agree, needs to be made by either the CBCA or the U.S. Court of Federal Claims.

In summary, the issuance of a declaratory order and injunction by this Court directing GSA to adhere to the requirements of its own regulations before making offsets of claimed overcharges in the future does not require the government to pay any monies to plaintiffs and will not adjudicate any rights of plaintiffs to recover monies previously offset.  We agree that is a determination which is to be made either by the CBCA or the Court of Federal Claims.

<div align="center">ARGUMENT</div>

I.    THIS COURT HAS JURISDICTION OVER PLAINTIFFS'
      CLAIMS PRESENTED IN THE FIRST AMENDED
      COMPLAINT.

Defendant contends that this Court does not have jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §701, et seq. to enjoin GSA's actions in offsetting monies against plaintiffs for reasons not stated in a Notice of Overcharge in violation of its own regulations.  Defendant alleges plaintiffs have an adequate remedy at law and that plaintiffs are seeking monetary damages which allegations, if sustained, would deprive this Court of jurisdiction under 5 U.S.C.

<div align="center">4</div>

§704 (Memorandum p. 11). For the reasons stated below we maintain that these contentions are without merit because the only remedy plaintiffs have to restrain GSA's non-compliance with its own regulations is an action under the Administrative Procedure Act which lies solely with this Court.

    A.    A Judgment In Plaintiffs' Favor by the Court Of Federal Claims Would Not Provide an Adequate Remedy for Plaintiffs' Claims Before this Court.

Defendant contends that this Court does not have jurisdiction because plaintiffs have an adequate remedy at law by a suit in the Court of Federal Claims. (Memorandum, pp. 12-17). Defendant's contention is incorrect. Plaintiffs do not have a remedy in the Court of Federal Claims because their claims before this Court are not based on past offsets. They solely seek an injunction to prohibit GSA from making future offsets without complying with its regulations. The jurisdiction of the Court of Federal Claims under 28 U.S.C. §1491 is limited to the award of money damages for breach of contract. The Court of Federal Claims does not have any authority to grant an injunction prohibiting GSA officials from acting in violation of the governing regulations in making future offsets. See Kanemoto v. Reno, 41 F.3d 641, 644-645 (Fed. Cir. 1994). (Where the Court stated: "The remedies available in that Court [Court of Federal Claims] extend only to those affording monetary relief; the court cannot entertain claims for injunctive relief or specific performance, except in narrowly defined, statutorily provided

circumstances not here pertinent…").  It is clear, therefore, that the jurisdiction of

the Court of Federal Claims is limited to the grant of money damages for breach of

contract.  The Court of Federal Claims lacks authority to enjoin GSA from making

future offsets against plaintiffs, which is the relief sought from this Court.

      We agree with defendant that the decisions cited at pages 14-15 of its

Memorandum, hold that the Court of Federal Claims provides an adequate remedy

at law if the issue can be resolved by a suit for money damages but that is not the

case presented by plaintiffs' First Amended Complaint.  Since plaintiffs' action in

this Court is to prohibit GSA from making future offsets in violation of its

regulations and not to recover monies previously offset.  None of the decisions

cited by defendant in its Memorandum at page 14 and 15 supports its contention

that jurisdiction over the amended Complaint lies in the Court of Federal Claims

and not in this Court.  Unlike the instant case, each case cited involved an action

for recovery of money based on a breach of an existing contract.  See Spectrum

Leasing Corp. v. United States, 764 F.2d 891 (D.C. Cir. 1985); Nebraska Public

Power Dist. v. United States, 73 Fed. Cl. 650 (2006); Ingersoll-Rand Co. v. United

States, 780 F.2d 74 D.C. Cir (1985); Inter-Coastal Xpress, Inc. v. United States,

296 F.3d 1357 (Fed. Cir. 2002); Allstates Aircargo, Inc. v. United States, 42 Fed.

Cl. 118 (Fed. Cl. 1998) and Dalton v. Sherwood Van Lines, Inc., 53 F.3d 14 (Fed.

Cir. 1995).

Further, the fact that the Court of Federal Claims has authority to interpret federal statutes and regulations in connection with deciding a claim for money damages under an existing contract does not mean, as defendant contends (Memorandum, p. 15), that the Court of Federal Claims can grant the relief requested by plaintiffs from this Court where there is no existing contract. In the cases cited by defendant, Telecare Corp. v. Leavitt, 409 F.3d 1345 (Fed. Cir. 2005) and Groff v. United States, 493 F.3d 1343 (Fed. Cir. 2007),[2] the courts made ancillary interpretations of federal statutes in connection with determining the validity of monetary claims.

There likewise is no merit to defendant's contention (Memorandum, p. 15), that the Court of Federal Claims has authority under 28 U.S.C. §1491(a) (2) to grant the equivalent of the injunctive relief requested of this Court. See Kanemoto v. Reno, supra, 41 F.3d at 644-645. Defendant correctly admits that the Court of Federal Claims' authority to issue injunctions is limited to certain limited types of claims that are not in issue here." See 28 U.S.C. §1491(b) (2). (Memorandum, p. 16).

We further maintain that this is not a case, as defendant contends, where plaintiffs have brought a claim under an existing contract for money damages in the District Court and camouflaged it as an action under the APA for injunctive relief.

---

[2] Defendant's citation at p. 15, Doe v. United States 63 Fed. Cl. 184 ( Fed. Cl. 2005) appears to be incorrect.


As shown above, plaintiffs' Complaint is not based on the existence of a contract and does not seek an injunction to enforce an existing contract. On the other hand, all of the decisions cited by defendant (Memorandum, pp. 16-17) involve cases where the plaintiffs sought injunctive relief in the District Court based on claims under contracts where the courts held the plaintiff's remedy for money damages lies in the Court of Federal Claims. See Rogers v. Ink, 766 F.3d 430 (Cir. 1985); Kanemoto v. Reno, 41 F.3d 641 (Fed. Cir. 1994); Consolidated Edison, NY v. U.S. Department of Energy, 247 F.3d 1378 (Fed. Cir. 2001); Surburban Mortgage Assocs., Inc. v. United States Dept. of Housing and Urban Dev., 480 F.3d 1116 (Fed. Cir. 2007) and Christopher Village L.P. v. United States, 360 F.3d 1319 (Fed. Cir. 2004).

None of the above-cited decisions is applicable to this case. In each decision, the jurisdiction of the Court of Federal Claims was predicated on a determination that the plaintiffs had an action for monetary relief based on a contract with the government. None of these decisions involved a case where, as here, a government agency was engaged in an ongoing practice of violating its own regulations for which the only remedy is an injunction prohibiting the wrongful practice brought in the District Court under the APA.

B.    Plaintiffs' First Amended Complaint Does Not Seek Monetary
      Relief.

Defendant next contends that plaintiffs First Amended Complaint seeks

monetary relief. (Memorandum, pp. 17-20). This contention is plainly incorrect.

The relief sought in the First Amended Complaint is:

> "We respectfully ask this Court to enjoin defendants from continuing
> to deduct from plaintiffs pursuant to Notices of Overcharge issued and
> to be issued until the basis for the overcharges is set forth in the
> Notices of Overcharge and plaintiffs are given the opportunity to
> respond for offset, as specifically provided for in GSA's
> Transportation Payment and Audit Regulations."

This relief sought is non-monetary, injunctive relief to prevent future offsets

until GSA first issues a Notice of Overcharge, which sets forth the basis of the

prospective offset and accords plaintiff the opportunity to respond to the Notice of

Overcharge before offset, which rights are granted by the specific provisions of

GSA's regulations, 41 C.F.R. §102-118.435(f) and §102-118.600, respectively.

The Court's granting of this relief will not result in any monetary benefit to the

plaintiffs.  It will only require GSA to follow its own regulations when it does so.

The fact that plaintiffs will not receive any monetary benefit as a result of the

issuance of the injunction requested from this Court materially distinguishes this

case from the decision principally relied on by defendant, Spectrum Leasing Corp.

v. United States, 764 F.2d 891 (D.C. Cir. 1985).  In Spectrum Leasing, the

government had offset monies from the plaintiff after the plaintiff had defaulted on

9

a contract. The plaintiff sued in the District Court for a declaration that GSA violated the procedures of the Debt Collection Act and requested an injunction to compel GSA to refund monies offset. The Court of Appeals held that a grant of the relief requested by Spectrum Leasing would result in the payment of money and therefore plaintiff's claim was for monetary damages. On this basis, the District Court concluded that the Court of Federal Claims had exclusive jurisdiction over this action under 28 U.S.C. §1491.

That is not the case presented to this Court by plaintiffs' First Amended Complaint. Plaintiffs are not asking the Court to issue an injunction that will result in the payment of money. As previously stated, the injunction here sought relates to offsets which have not yet been made. Under those circumstances, plaintiffs herein, unlike plaintiffs in the cases relied on by defendant, has no action for breach of contract and therefore has no access to the Court of Federal Claims.

This Court's jurisdiction in this case is supported by the decision in Kidwell, Secretary of the Army, 56 F.2d 279 (D.C. Cir. 1985), cited by defendant

(Memorandum, p. 18).[3] In <u>Kidwell</u>, a former service member sought a review of an administrative decision of the Army Board of Correction of Military Records denying a change in plaintiff's discharge status. The government contended that the District Court lacked jurisdiction because grant of the requested revised discharge status would result in a monetary benefit to plaintiff in excess of $10,000 and therefore that the jurisdiction was in the Court of Federal Claims and not in the District Court. The Court of Appeals rejected the government's contention, holding that the District Court had jurisdiction over plaintiff's claim, that the Army Board's decision was arbitrary and capricious and that the correction of plaintiff's discharge status was not a claim for monetary damages. The Court of Appeals found that no monetary benefit would result from the Court's decision, stating:

> "Any monetary benefits that may flow from Kidwell's victory would not come from the District Court's exercise of jurisdiction but from the structure of statutory regulatory requirements government compensation on the service member files change…" (56 F.3d 285, 286).

---

[3] Defendant cites <u>Kidwell</u> and <u>Cogshell Development Corp.</u> v. <u>Diamond</u>, 884 F.2d 1 (1st Cir. 1989); <u>Brazos Elec. Power Co-op, Inc.</u> v. <u>United States</u>, 144 F.3d 784 (Fed. Cir. 1988); <u>Metadure Corp.</u> v. <u>United States</u>, 490 F. Supp. 1368 (S.D.N.Y. 1980). (Memorandum, p. 18). for the principle that the substance of a complaint rather than its form controls and that a claim for money is subject to the Claims Court's jurisdiction under the Tucker Act even though it is filed as a claim for declaratory relief in a District Court. As we show above, this statement is <u>dictum</u> in <u>Kidwell</u> which held the plaintiff's claim for a declaratory judgment was properly before the District Court.

See also <u>Tootle</u> v. <u>Secretary of the Navy</u>, 446 F.3d 157, 175 (D.C. Cir. 2006),

where the Court followed the <u>Kidwell</u> decision and held that the District Court had

jurisdiction in a similar case, stating:

> "Finally, as in <u>Kidwell</u>, any monetary recovery Tootle might be
> entitled to in the future would be entirely separate from the District
> Court's decision regarding whether the Government acted arbitrarily
> and capriciously or neglected to follow any regulations...."

A similar holding is warranted here.  Should the Court hold that GSA is

acting arbitrarily and capriciously in violating its regulations by proposing to offset

monies on a basis other than set forth in a Notice of Overcharge, plaintiffs will not

receive any money.  Whether or not it receives any money after the issuance of this

Court's decision is dependent first, upon GSA's taking of money from plaintiffs

and second, upon the Court of Federal Claims interpreting the terms of the

solicitation and holding the offset to be unjustified.

II.    THE PENDENCY OF PLAINTIFFS' CLAIMS BEFORE THE
       <u>CBCA DOES NOT DEPRIVE THIS COURT OF JURISDICTION.</u>

Defendant further contends that the pendency of plaintiffs' claims before the

CBCA deprives this Court of jurisdiction. (Memorandum, pp. 20-23).  This

contention is premised on the erroneous assumption that decision on the claims

before the CBCA will resolve the matters before this Court.  This assumption is

incorrect.  The cases before the CBCA involve claims for the recovery of monies

taken by GSA by way of offsets. To make her decision, CBCA Judge Fennessy must interpret the terms of Item 433 of the solicitation.

On the other hand, the matter before this Court does not involve any monetary claims since the relief requested only seeks to require GSA to follow its own regulations when proposing to offset monies in the future. This Court is not being asked to determine plaintiffs' entitlement to monies under any item of the solicitation or otherwise; the Court needs only to interpret the GSA regulations governing offsets, and if it concurs in plaintiffs' interpretation, direct GSA to comply with these regulations in making future offsets.

Further, since the same issues are not presented in the CBCA cases as are presented to this Court, the so-called "election doctrine" of the Federal Circuit Court of Appeals for Contract Disputes Act cases does not apply to this case, as defendant contends (Memorandum, p. 21). Under the "election doctrine" a government contractor must elect to appeal a contracting officer's decision either to a Board of Contract Appeals or to the Court of Federal Claims, which election is binding. See National Neighbors, Inc. v. United States, 838 F.2d 1539, 1542 (Fed. Cir. 1988); Grinnell v. United States, 71 Cl. 202, 204 (Fed. Cl. 2006); Colt Industries, Inc. v. United States, 716 F. Supp. 660, 662 (D.D.C. 1989). The "election doctrine" does not apply to plaintiffs because it applies only to Contract Disputes Act claims and this case does not prevent a claim under the CDA.

III.    THIS CASE SHOULD NOT BE TRANSFERRED TO THE
       COURT OF FEDERAL CLAIMS.

We maintain that there is no reason for transfer of this case to the Court of

Federal Claims pursuant to 28 U.S.C. §1631. We oppose the transfer because this

Court has jurisdiction over plaintiffs' First Amended Complaint and the Court of

Federal Claims does not have jurisdiction to grant the declaratory injunctive relief

requested.

CONCLUSION

Several things are clear. First, the appeals pending before the CBCA seek

recovery of monies already offset by GSA from plaintiffs' funds, whereas by the

Complaint before this Court plaintiffs seek to enjoin offsets which have not yet

been made because GSA has failed to comply with its own regulations. Second,

the appeals pending before the CBCA require an interpretation of the terms of the

SDDC solicitation (the contract), whereas the Complaint before this Court does not

and requires only an interpretation of GSA's regulations governing offsets. A

decision is sought solely on the issue of whether GSA continues to violate the

terms of its own regulations by failing to accord plaintiffs notice of the bases on

which defendant relies for its offset and denies plaintiffs of their right to be heard

on these matters before offset, rights which are specifically provided plaintiffs

under the governing regulations and under recognized standards of procedural due

process. Third, the appeals pending before the CBCA seek one thing - money

damages, whereas by the Compliant pending before this Court plaintiffs seek no money damages, the relief in the amended Complaint being for a declaratory order and an injunction. Fourth, defendant is in error when it states that the Complaint should be dismissed because there is an adequate remedy in the Court of Federal Claims. It is clear that neither that Court nor the CBCA has any relevant injunctive powers and therefore is powerless to remedy the action which plaintiffs claim is unlawful, namely GSA's exercising its right of offset without according plaintiffs the right to notice and hearing before offset, a right to which they are entitled.

Further, as defendant properly states: "when resolving a 12(b)(1) motion to dismiss 'the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor...(Citing cases)' " Applying this standard the amended Complaint should not be dismissed.

In light of the foregoing, we respectfully ask the defendant's Motion to Dismiss or to Transfer, dated November 14, 2007, be denied.

Respectfully submitted,


/s/Alan F. Wohlstetter
Alan F. Wohlstetter DC Bar No. 112797
Stanley I. Goldman DC Bar No. 109405
DENNING & WOHLSTETTER
888 Seventeenth Street, N.W.
Suite 700
Washington, D.C.  20006
Tel: (202) 833-8884
Fax: (202) 833-8886
Attorneys for Plaintiffs
Cartwright International Van Lines, Inc.,
Foremost Forwarders, Inc.


Dated:  November 16, 2007