UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTWRIGHT INTERNATIONAL VAN LINES, INC. et al., <br> Plaintiffs, <br><br> v. <br><br> LURITA ALEXIS DOAN, Administrator of General Services Administration, <br><br> Defendant. | Case Number: 1:07-1454 (EGS) |

**REPLY TO PLAINTIFFS' SURREPLY**

In accordance with this Court's November 26, 2007 Minute Order, Defendant submits the following brief reply to Plaintiffs' surreply.  The surreply suggests that United States v. Testan, 424 U.S. 392, 401-402 (1976) rebuts Defendant's jurisdictional arguments.  Plaintiffs' reliance on that opinion is misplaced.

Plaintiffs have quoted portions of a passage in which the Court stated that:

> "[w]here the United States is a defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim, whether it be the Constitution, a statute, or a regulation does not create a cause of action for money damages unless . . .as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'"

424 U.S. at 401-02.  That passage stands for the unremarkable proposition that the Court of Federal Claims has jurisdiction to hear contract claims and constitutional, statutory, or regulatory claims based upon "money-mandating" statutes.  See 28 U.S.C. § 1491.  This case is founded upon a contract and also is founded upon a money-mandating statute— namely the Interstate Commerce Act.  See Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1361-62 (Fed. Cir. 2002) (explaining that ICA is a money-mandating statute); Spectrum Leasing Corporation v.

United States, 764 F.2d 891, 895 (D.C. Cir. 1985) (claims like plaintiffs are founded upon contract).  Plaintiffs also seek monetary relief — namely, an order enjoining Defendant from continuing to use deductions and offsets to collect Plaintiffs' debts.  Accordingly, Testan does not draw into question the Court of Federal Claims' jurisdiction to grant Plaintiffs adequate relief.  See Dkt Entry 20 at 13-15 (discussing statute and precedent concerning jurisdictional issue); Dkt. Entry 22 at 3-5 (same).  Instead, it refutes Plaintiffs' contention that the Court of Federal Claims can only hear breach of contract claims for damages.

Defendant emphasizes that the relevant question is whether the Court of Federal Claims can provide an adequate alternative remedy — not whether the Court of Federal Claims has APA jurisdiction of its own.  Plaintiffs could and should have challenged the overcharge notices in that court.  Nothing would prevent them from presenting their regulatory interpretation arguments to the Court of Federal Claims as part of such a challenge.  See, e.g., Consolidated Edison Co. of New York v. United States Dep't of Energy, 247 F.3d 1378, 1385 (Fed. Cir. 2001); Kanemoto v. Reno, 41 F.3d 641, 642-43 (Fed. Cir. 1994).

Dated: November 26, 2007          Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780