IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc., et al., <br><br> Plaintiffs <br><br> v. <br><br> Lurita Alexis Doan, Administrator of General Services, <br><br> Defendant | Civil Action No. 1:07-1454 (EGS) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs have moved for a temporary restraining order to restrain defendant and officers, agents and employees of the General Services Administration (GSA) and all persons acting in concert with them from collecting by offset monies from plaintiffs by actions not authorized by, and in direct conflict with, the terms of the GSA regulations which govern offsets. The Temporary Restraining Order is necessary and warranted for following reasons:

1.  The requested TRO is necessary because defendant's counsel has advised that defendant has terminated its agreement with undersigned plaintiffs' counsel not to offset monies from plaintiffs as of November 29, 2007. Unless the requested TRO is granted, defendant will commence the offsetting of monies from plaintiffs beginning November 30, 2007 without following the governing regulations. This will deprive plaintiffs of their rights to notice of the basis alleged

by defendant for the offset, granted by GSA regulation 41 C.F.R. §102-118.435(f) and the right to protest to the Notice of Overcharge before offset, granted by GSA regulation 41 C.F.R. §102-118.600.

2. Plaintiff Foremost Forwarders, Inc. will suffer immediate and irreparable harm unless defendant is restrained from offsetting $2,593.171 from Foremost which amount is presently subject to issuance of Notices of Overcharge and offset by GSA before a decision by this Court on Plaintiffs' Motion for Preliminary Injunction. As stated by Kenneth J. Sullivan, Foremost's President, in his Second Declaration:

> "...If GSA is permitted to offset the surcharges billed and previously paid by the government under Item 433 to compensate plaintiffs' port agents for delays encountered at military airports, Foremost's total current liabilities would increase to $4,403.412 which would result in a short fall of $573,870 in the required current ratio. This would not only undercut Foremost's ability to service military shipments, as I have previously stated, but would subject Foremost to disqualification by SDDC for failing to meet the required financial ratios. This, in turn, would result in a complete stoppage of Foremost's revenues which would put my company out of business." (p. 3).

3. The immediate and irreparable harm to plaintiffs outweighs any alleged harm to the government which would be caused by GSA's wrongful failure to follow the specific terms of its Transportation Audit Regulations, which failure deprives plaintiffs of their rights under GSA regulation 41 C.F.R. §102-118.600 to protest before offset, the alleged ground on which GSA is now offsetting monies, which differs from the ground alleged in the Notices of Overcharge. The government can

protect itself against any harm by simply following the specific terms of its own regulations and giving plaintiffs the opportunity to file a response to GSA's Notice of Overcharge before the offset is made. Further plaintiffs are willing to post an appropriate bond to protect the government during the pendency of the TRO and the preliminary injunction.

4. Unless the TRO is issued to restrain defendant from offsetting monies from plaintiffs until this Court has issued its decision, plaintiffs' request for relief from defendant's offsets made in violation of its own regulations will be mooted. The grant of this motion for a TRO will preserve the status quo pending the issuance of the Court's decision.

For the above reasons, plaintiffs respectfully ask the Court to issue the requested Temporary Restraining Order.

                          Respectfully submitted,

                          /s/Alan F. Wohlstetter
                          Alan F. Wohlstetter DC Bar No. 112797
                          Stanley I. Goldman DC Bar No. 109405
                          DENNING & WOHLSTETTER
                          888 Seventeenth Street, NW
                          Suite 700
                          Washington, DC  20006
                          Tel: (202) 833-8884
                          Fax: (202) 833-8886
                          Attorneys for Plaintiffs
                          Cartwright International Van Lines, Inc.,
                          Foremost Forwarders, Inc.

Dated: November 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cartwright International Van Lines, Inc., et al., <br><br> Plaintiffs <br><br> v. <br><br> Lurita Alexis Doan, Administrator of General Services, <br><br> Defendant | Civil Action No. 1:07-1454 (EGS) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs have moved for a temporary restraining order to restrain defendant and officers, agents and employees of the General Services Administration (GSA) and all persons acting in concert with them from collecting by offset monies from plaintiffs by actions not authorized by, and in direct conflict with, the terms of the GSA regulations which govern offsets. The Temporary Restraining Order is necessary and warranted for following reasons:

1. The requested TRO is necessary because defendant's counsel has advised that defendant has terminated its agreement with undersigned plaintiffs' counsel not to offset monies from plaintiffs as of November 29, 2007. Unless the requested TRO is granted, defendant will commence the offsetting of monies from plaintiffs beginning November 30, 2007 without following the governing regulations. This will deprive plaintiffs of their rights to notice of the basis alleged

by defendant for the offset, granted by GSA regulation 41 C.F.R. §102-118.435(f) and the right to protest to the Notice of Overcharge before offset, granted by GSA regulation 41 C.F.R. §102-118.600.

2. Plaintiff Foremost Forwarders, Inc. will suffer immediate and irreparable harm unless defendant is restrained from offsetting $2,593.171 from Foremost which amount is presently subject to issuance of Notices of Overcharge and offset by GSA before a decision by this Court on Plaintiffs' Motion for Preliminary Injunction. As stated by Kenneth J. Sullivan, Foremost's President, in his Second Declaration:

> "...If GSA is permitted to offset the surcharges billed and previously paid by the government under Item 433 to compensate plaintiffs' port agents for delays encountered at military airports, Foremost's total current liabilities would increase to $4,403.412 which would result in a short fall of $573,870 in the required current ratio. This would not only undercut Foremost's ability to service military shipments, as I have previously stated, but would subject Foremost to disqualification by SDDC for failing to meet the required financial ratios. This, in turn, would result in a complete stoppage of Foremost's revenues which would put my company out of business." (p. 3).

3. The immediate and irreparable harm to plaintiffs outweighs any alleged harm to the government which would be caused by GSA's wrongful failure to follow the specific terms of its Transportation Audit Regulations, which failure deprives plaintiffs of their rights under GSA regulation 41 C.F.R. §102-118.600 to protest before offset, the alleged ground on which GSA is now offsetting monies, which differs from the ground alleged in the Notices of Overcharge. The government can

2

protect itself against any harm by simply following the specific terms of its own regulations and giving plaintiffs the opportunity to file a response to GSA's Notice of Overcharge before the offset is made. Further plaintiffs are willing to post an appropriate bond to protect the government during the pendency of the TRO and the preliminary injunction.

4. Unless the TRO is issued to restrain defendant from offsetting monies from plaintiffs until this Court has issued its decision, plaintiffs' request for relief from defendant's offsets made in violation of its own regulations will be mooted. The grant of this motion for a TRO will preserve the <u>status quo</u> pending the issuance of the Court's decision.

For the above reasons, plaintiffs respectfully ask the Court to issue the requested Temporary Restraining Order.

                          Respectfully submitted,

                          <u>/s/Alan F. Wohlstetter</u>
                          Alan F. Wohlstetter DC Bar No. 112797
                          Stanley I. Goldman DC Bar No. 109405
                          DENNING & WOHLSTETTER
                          888 Seventeenth Street, NW
                          Suite 700
                          Washington, DC  20006
                          Tel: (202) 833-8884
                          Fax: (202) 833-8886
                          Attorneys for Plaintiffs
                          Cartwright International Van Lines, Inc.,
                          Foremost Forwarders, Inc.

Dated: November 30, 2007